### NARCISSUS WOODS ET AL. v. JOHN HULL ET AL.

#### Decided December 24, 1896.

1. Limitation—Presumption of Continued Possession.

The rule that a state of facts proved to exist is presumed to continue, in the absence of evidence to the contrary, does not apply to proof of possession under the statute of limitations. Continuous actual possession for the prescribed period must be proved, and the burden cannot be shifted by resort to the above presumption. (P. 229.)

2. Same—Constructive Possession.

Where adverse claimants of land have each possession of a portion thereof, the constructive possession of that not in actual occupancy is with the holder of the superior title, and limitation runs in favor of his adversary only as to such part as is in his actual possession. (P. 229.)

APPLICATION for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Wise County. Woods et al. commenced the suit and recovered judgment below, from which the defend-

ants Hull et al. appealed and had judgment reversed and rendered in their favor. Appellees then made petition for writ of error.

*A. M. Carter*, for applicants.

No briefs have reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—The applicants for the writ of error in this case were plaintiffs in the District Court, and sought to recover the strip of land in controversy by virtue of the statute of limitations of five years. They recovered a judgment, but it was reversed by the Court of Civil Appeals, and a judgment was rendered for the defendants. The latter court held that the plaintiffs had failed to show either a continuous possession for five years or the payment of taxes upon the land in controversy. We think their holding upon the first point correct, and that therefore the application for a writ of error must be refused. The facts found by the Court of Civil Appeals are not controverted in the application, except as hereinafter indicated, and are, that possession of a small portion of the tract in controversy was taken by the plaintiffs in the winter of 1876 and 1877, and was continued during the years 1877, 1878, 1879 and 1880; that at the end of that time such possession was abandoned; but that it was resumed in 1883 and 1884; that the tenant of plaintiffs who occupied the small tract during the latter years reserved, in 1885, a dwelling-house, which he had built upon the land; and that the tenant also planted a wheat crop on it in 1886. The contention seems to be that, there being no testimony as to the occupancy of the land after the year last mentioned, the possession of that tenant must be presumed to have continued up to the time of the bringing of the suit. When a state of facts is proved to exist, it is sometimes presumed to continue, in the absence of evidence to the contrary; but we do not understand this to apply to proof of possession under the statute of limitations. A party who claims title by adverse possession must prove a continued actual possession for the period prescribed by law. He cannot by proof of possession for a part of the time shift the burden upon his adversary of showing an abandonment.

Since the defendants had the superior title to the strip in controversy and were in possession of another part of their survey, their possession extended constructively to the land in dispute; and in order to defeat their right to any part of it, it was incumbent upon the plaintiffs to show actual possession for the time prescribed by law. This they fail to do. It is a matter of no moment that the plaintiffs had such possession of another part of the land claimed by them under their deed. (Anderson v. Jackson, 69 Texas, 346.) The learned judge who spoke for the court upon this appeal recognized the principle announced in the case cited in his opinion on a former appeal; though it is not adverted to in his present opinion.

Since possession for the required time was not shown, we have not found it necessary to pass upon the question, whether or not there was any proof of payment of taxes.

The application is refused.

*Writ of error refused.*