PARSONS v. HUBBARD. (No. 2349.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 30, 1920. Rehearing Denied Jan. 6, 1921.)

1. Appeal and error ⟐⟹215(1) — Errors in charge waived by failure to object.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, an error in a charge submitting issues made by the pleadings and the testimony cannot be reviewed as fundamental error, where not objected to below.

2. Tenancy in common ⟐⟹15(1)—Adverse possession must be for required period, after repudiation of cotenancy with notice to cotenant.

In partition action, defendant, claiming to have acquired title to the whole tract by adverse possession as against a cotenant, must show, not only continuous possession of the land for the required period of time, cultivating, using and enjoying it, but also that such continuous possession and use was after repudiation of the cotenancy, with notice of repudiation to the cotenant.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Suit by James Hubbard against Mrs. Irene Parsons. Judgment for plaintiff, and defendant appeals. Affirmed.

This was a suit by appellee as the owner of an undivided one-half thereof against appellant as the owner of the other undivided one-half thereof, to partition 97⅔ acres of the L. M. Rice survey in Bowie county, in which judgment was rendered for appellee.

At the trial, before the court charged the jury, appellant in writing admitted in open court "the right," quoting, "of plaintiff to recover on his pleadings and proof, unless the same is defeated by the statute of limitations as pleaded and proven by defendant, and further admits that the burden of proof as to such issue is on defendant," and asked that she be allowed to open and conclude the argument. The request was granted.

The court instructed the jury to find for appellee unless they found for appellant on the issue as to whether she had acquired title to the entire tract by force of the 10-year statute of limitations. No objection was interposed by appellant to the charge.

The jury having found for appellee on the issue submitted to them, judgment was rendered in his favor for one-half the land, and commissioners were appointed to make a partition thereof as prayed for by him. The appeal is from that judgment.

Chas. S. Todd, of Texarkana, for appellant.
R. M. Hubbard, of New Boston, and Wheeler & Robison, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The two assignments first presented in appellant's brief are that the court erred in his charge to the jury in particulars specified. The theory on which appellant insists that the assignments should be considered notwithstanding she did not object to the charge at the time, and notwithstanding the statute declaring that objections not then made "shall be considered as waived" (Vernon's Statutes, art. 1971), is that the errors complained of were "apparent of record,"

and therefore "fundamental.", We have examined the cases cited in appellant's brief and decided since the enactment of the statute, and, as we understand them, none of them support the contention that an error in a charge, submitting issues made by the pleadings and the testimony, is not to be treated as waived when not objected to at the trial. This court held to the contrary of the contention in Railway Co. v. Wadsack, 166 S. W. 42, in which a writ of error was denied by the Supreme Court, and which has been followed by perhaps all the Courts of Civil Appeals, and dissented from by none of them, in cases too numerous to cite here.

The remaining assignment, like the proposition under it, is that the trial court erred in overruling appellant's motion for a new trial on the ground that the verdict of the jury "was contrary," quoting, "to the great preponderance of the evidence, and was unsupported by any legal evidence of probative force."

In Meade v. Logan, 110 S. W. 188, where the answer of the defendant, as in this case, consisted of a general denial, a plea of not guilty, and the statute of limitations, it was held by this court that an admission by the defendant similar to the one set out in the statement above was an abandonment by the defendant of his pleadings, denying the facts alleged in the plaintiff's petition, and that the trial court should have instructed a verdict for the plaintiff, unless, on inspection of the pleadings of the defendant, it appeared there were allegations showing a right in him to the possession of the land, notwithstanding it was then owned by the plaintiff. Had the ruling in that case been followed by the court in the trial of this one, he would have peremptorily instructed a verdict for appellee, for there were no pleadings on the part of appellant showing a right in her to the exclusive possession of the land.

[2] But if the assignment should be considered without reference to the holding in the case cited, we think it should be overruled. The parties agreed that James W. Battle had title to the entire tract. Appellee proved that he had the title in said Battle to an undivided one-half thereof, unless appellant, who had the title in said Battle to the other undivided one-half, had acquired title to the whole tract by force of the statute of limitations of 10 years. The burden was on appellant to prove, not only that she and those under whom she claimed had had continuous possession of the land for the length of time specified, cultivating, using, and enjoying it, but also that such continuous possession and use was after she or they had repudiated the cotenancy in the land, and after appellee or those under whom he claimed had notice of such repudiation. Honea v. Arledge, 56 Tex. Civ. App. 296, 120 S. W. 508. On the record presented to this court, we think the finding of the jury that appellant had not discharged such burden was warranted if not demanded.

The judgment is affirmed.