### FLEMING et al. v. CANTERBURY.
### (No. 2489.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 27, 1922. Rehearing Denied Feb. 9, 1922.)

1. **Tenancy in common ⬤⟞15(7, 8)—Possession not adverse to cotenant until repudiation of tenancy and notice thereof to cotenant.**

The possession of land by one tenant in common did not become adverse to cotenant until repudiation of tenancy by such person in possession and notice of such repudiation by the cotenant.

2. **Tenancy in common ⬤⟞15(10)—Evidence insufficient to prove possession adverse to cotenant for required period.**

Evidence *held* insufficient to prove tenant in common to have acquired title by adverse possession against cotenant, in that it did not show notice to cotenant of possessor's repudiation of tenancy at such time that possessor could have held adverse possession thereafter for the statutory period.

On Motion for Rehearing.

3. **Tenancy in common ⬤⟞15(10)—Burden of proving adverse possession of tenant in common against cotenant.**

Party who claimed to have acquired title by adverse possession of tenant in common as against cotenants had burden of proving, not only that the possession of the tenant in common was adverse to the cotenants within the statute, but also that such possession continued unbroken for ten years.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by Mary Fleming, Dewey Henderson, and others against C. C. Canterbury. Judgment for defendant against plaintiffs other than Dewey Henderson, and such other plaintiffs appeal. Judgment affirmed in part, and reversed and remanded in part.

By a deed dated November 21, 1890, J. H. Whiteman and his wife conveyed 75 acres, more or less, of land in Red River county, to Jesse Crawford and Gen. Henderson. The consideration for the conveyance was $275 cash paid by Crawford and Henderson, and their three notes for $275 each, due January 1, 1892, 1893, and 1894, respectively. Henderson died in 1901 or 1902, leaving his wife and several children surviving him. Crawford died March 2, 1907, leaving a divorced wife (who died in 1918) and several children surviving him. This suit was brought by the widow of Gen. Henderson, Dewey Henderson (one of his children), and the children of Crawford, against appellee. It was in form a statutory action of trespass to try title and for damages, but the petition contained a prayer for a partition in the event it was found that appellee owned an interest in the land. Appellee's answer consisted of an admission that Dewey Henderson owned a one-fourteenth undivided interest in the land, a general denial, a plea of "not guilty," a plea setting up the statute of limitations of ten years, and a plea in which it was alleged that, Crawford having refused to pay any part of the notes when they matured, Henderson, "in order to protect his interest," paid same and repaid to Crawford the $137.50 he paid of the $275 cash mentioned in the deed, "whereby," it was alleged, "the said Gen. Henderson became subrogated to all the rights, title, claims, and equities in and to said land and premises." Appellee further alleged in the plea that the sale to Crawford "was rescinded and the said Gen. Henderson," quoting, "took possession of the whole of said land and premises, * * * and while in possession of same made valuable improvements thereon."

At the trial it was agreed by the parties that appellee owned the interest of Hender-

son's widow and of all his children, except Dewey, in the land.

On a special issue submitted to them the jury found that appellee and "those," quoting, "under whom he claims have had and held peaceable, adverse, and continuous possession of the land in controversy, cultivating, using, and enjoying the same for a period of ten years before plaintiffs filed their suit on October 17, 1919." On that finding alone the trial court rendered judgment that the plaintiffs, except Dewey Henderson, take nothing by their suit, and that appellee "go hence without day," and, without directly determining the question as to the title to the land, directed that it be partitioned one-fourteenth to Dewey Henderson and thirteen-fourteenths to appellee. The appeal was prosecuted by all the plaintiffs except Dewey Henderson.

Ownby & Allen, of Paris, and A. O. Tisdale, of Detroit, for appellants.

Geo. Morrison, of Clarksville, and J. S. Terry, of Terrell, for appellee.

WILLSON, C. J. (after stating the facts as above). It appears from the record that the trial court based the judgment entirely on the finding of the jury set out in the statement above. Therefore the judgment should be reversed, if the contention presented by propositions in appellants' brief, to wit, that the testimony did not authorize the finding so far as it was that the possession of appellee and those under whom he claimed was adverse and continuous for a period of ten years before the suit was filed, should be sustained. Careful consideration of the testimony has convinced us that the contention should be sustained.

[1, 2] It appeared that Gen. Henderson moved onto the land when he and Crawford purchased it in 1890, and that he resided thereon until he died in 1901 or 1902. Henderson and Crawford being tenants in common, Henderson's possession of the land never became adverse to Crawford unless and until he repudiated such tenancy and Crawford had notice of such repudiation. Parsons v. Hubbard, 226 S. W. 441. Perhaps the testimony was sufficient to support a finding that Henderson repudiated the tenancy and that Crawford knew it, but we doubt if it was sufficient to show when such repudiation occurred. The only testimony in the record which can be said to have tended to prove when such repudiation occurred is that showing that, whereas Henderson and Crawford each rendered one-half of the land for taxes for 1891 and to and including the year 1897, Crawford never afterward rendered any of it, and Henderson rendered all of it for 1898 and each year thereafter until he died. If that testimony warranted an inference as to the time when Henderson

repudiated the tenancy, it certainly did not authorize a finding fixing the time at a day earlier than January 1, 1898, for by law Henderson could not have rendered the land for the taxes of 1898 before that day. If Henderson's possession became adverse then, it does not appear from the testimony that such possession by him and those who claimed under him continued for a period of ten years from that time. There was testimony that Henderson's children cultivated the land after he died until 1907, and that Crawford, with the consent of Henderson's widow, moved to it the latter part of 1906 or first part of 1907, and lived upon it until March of the year last mentioned. We have not found any testimony in the record showing that Henderson's widow, or any of his children, or any one claiming under them or any of them, had possession of the land, "cultivating, using, or enjoying" it, within the meaning of the statute, after March, 1907, until 1913. Even if the possession of Crawford for the two months, about, he was on the land, should be treated as the possession of Henderson's widow, the most favorable view which could be taken of the testimony relied on to support the finding of the jury is that the statute of limitations commenced to run in Henderson's favor January 1, 1898, and continued to run in his favor and in favor of his widow and children until March, 1907— a period of nine years and not exceeding three months.

Appellee having failed to discharge the burden resting upon him to prove that he owned the Crawford interest in the land by force of the ten-year statute of limitation, the finding on which the judgment was predicated was not warranted. Therefore the judgment is wrong, and it will be reversed, and the cause will be remanded to the court below for a new trial.

On Motion for Rehearing.

[3] Appellee insists that the finding of the jury that he had title to the land by force of the statute of limitations of ten years was authorized, but he does not point out any testimony which warranted a finding that the possession and use of the land by the Hendersons became adverse as to Crawford, who owned it with them, before January 1, 1898, nor does he point out any testimony which warranted a finding, if the Hendersons' possession then became adverse, as stated, that it continued unbroken to a time later than March, 1907. Who, if any one, had possession of the land during the remainder of the year 1907, and during several years immediately following it, does not appear from testimony in the record. Appellee insists that the inferences from the testimony were that the possession of the land held by Henderson's widow and children after his death continued until 1913, when they conveyed it

to his vendor, and argues that if the possession of the Hendersons did not continue after March, 1907, appellants could easily have proven the fact. In so arguing appellee seems to have overlooked the fact that the burden was on him to prove, not only that the possession of the Hendersons was adverse to the Crawfords, within the meaning of the statute, but also that such possession continued unbroken for ten years, and that appellants were not called upon to prove the contrary. Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Woods v. Hill, 90 Tex. 228, 38 S. W. 165.

The contention that the judgment should be affirmed on the theory that it appeared from the testimony that Henderson repaid to Crawford the part of the purchase money the latter paid on the land, and paid to the parties entitled thereto the remainder of the purchase price, in the performance of an agreement between him and Crawford, whereby the latter undertook to and did abandon his claim to an interest in the land under the deed from the Whitemans, and further appeared from the testimony that Henderson, relying on Crawford's undertaking, placed valuable improvements on the land, cannot be sustained. It is not necessary to determine whether the contention would be tenable if the facts on which it is predicated appeared to be conclusively established by the testimony. It is sufficient now to say they were not so established, and that there are no findings by the jury showing they existed.

The motion will be overruled, except so far as it is to set aside the judgment entered here reversing the judgment of the court below in appellee's favor against appellant Mary Fleming. The judgment of that court so far as it was against her should have been affirmed, and it was due to an oversight that it was not. The judgment of this court will be set aside in that respect, and the judgment of the court below so far as it is against said Mary Fleming will be affirmed. And the judgment of this court will be modified so as to adjudge one-fourth of the amount of the costs of the appeal against said Mary Fleming, and three-fourths thereof only against appellee.