## HIDALGO COUNTY et al. v. LILES et al.

### No. 8840.

Court of Civil Appeals of Texas.
San Antonio.
May 4, 1932.

Rehearing Denied June 15, 1932.

Griffin, Kimbrough & Cox, of McAllen, and Douglas & Black, of San Antonio, for appellants.

E. A. McDaniel, of McAllen, and John T. Suggs, of Dallas, for appellees.

COBBS, J.

We adopt the statement made by appellants as it is approved by appellees:

"Plaintiff, Hidalgo county, joined by its county treasurer, filed its first amended original petition on the 12th day of June, 1931, complaining of the defendants O. T. Liles, former county auditor of Hidalgo county, and Southern Surety Company of New York, surety on defendant Liles' official bond. Said petition alleged that: During the month of April, 1929, the said Liles was appointed as county auditor of Hidalgo county, and duly qualified as such county auditor by filing the oaths of office and the official bond with Southern Surety Company of New York, as surety, as required by law, and thereupon entered upon the discharge of the duties of said office. That the county of Brooks, being indebted to Hidalgo county in the sum of $5,560, through an order of its commissioners' court, caused

the county clerk of Brooks county to draw a warrant or draft on the treasurer of Brooks county, payable to Hidalgo county or bearer, in the sum of $5,560, and on or about the 28th day of September, 1929, caused said warrant to be transmitted by mail to some officer of Hidalgo county, all of which matters transpired while the said O. T. Liles was the duly qualified and acting county auditor of Hidalgo county. That, as a result of the transmission of said warrant by Brooks county to Hidalgo county, same came into the hands of the defendant O. T. Liles, while he was the qualified and acting county auditor of said county, and that the said Liles indorsed said warrant 'Hidalgo County—O. T. Liles, Auditor,' and presented same or permitted some unauthorized person to present same to the Edinburg State Bank & Trust Company of Edinburg, Tex., the then county depository, for payment, and thereupon said bank, on or about October 2, 1929, cashed said warrant and paid the sum of $5,560 to the said Liles, or to the person presenting same for payment, and said sum was thereupon converted to the use and benefit of the said Liles, and said sum was not deposited to any fund or account of Hidalgo county or any entry made of the receipt of said warrant or its proceeds upon or in any record, book, or account of said county, and said county was thereby deprived of the use and benefit of said warrant and its proceeds. That said warrant was forwarded by the Edinburg State Bank & Trust Company through banking channels to the county treasurer of Brooks county, and duly paid by said treasurer on October 4, 1929.

"That, at the time of the wrongs complained of, the defendant Liles, as the county auditor of Hidalgo county, was under the duty of supervising and overseeing the financial affairs of Hidalgo county and seeing to the strict enforcement of the law governing county finances, and was under the duty of seeing that the warrant in question was properly handled, and delivered to the proper county officers for the use and benefit of Hidalgo county, and that, when said warrant was cashed, it was the duty of the said Liles to see that the proceeds of same were properly deposited and credited in the county funds and on the county records, so that Hidalgo county would receive the benefit of same. That, further, it was the duty of the said Liles to adopt and enforce such rules and regulations consistent with law as were essential to the speedy collection, checking, and accounting of the sum of money represented by said warrant and to keep a general set of books showing the transaction relating to said warrant and the money received thereon and to set forth said transaction in a quarterly and annual report thereafter made to the commissioners' court.

"That, notwithstanding all of said statutory duties required of him, the said Liles breached the same, failing to handle said warrant and the proceeds thereof in conformity with the provisions of the statutes dealing with county finances, and failed to make the proper entries in the county records and to cause the proceeds of same to be credited to the proper accounts and funds of Hidalgo county, and failed to discharge all of the duties placed upon him by law in handling said warrant and the proceeds of same.

"That the alleged wrongful acts and breach of official duties on the part of the said Liles resulted in injury to Hidalgo county, depriving said county of said sum of $5,560, and, as a result, said defendant Liles and his surety, Southern Surety Company of New York, are jointly and severally liable to plaintiff for said resulting injury.

"Defendant Southern Surety Company of New York filed its first amended original answer on June 12, 1931, consisting of general demurrer and general denial.

"Defendant O. T. Liles filed his original answer on June 2, 1932, consisting of a general demurrer and general denial."

The main and chief defense is that the sureties will not be bound because the funds did not come into the hands of the officer in his official character.

We will pass only upon one question, and that is upon the effect of Liles' (the auditor's) handling the check. The undisputed proof shows that Brooks county, being indebted to Hidalgo county in the sum of $5,560, undertook its payment by sending through the United States mail its warrant, drawn on the treasurer of that county, for that amount. The said warrant came into the hands of O. T. Liles, auditor of Hidalgo county, whose duty it was to cause the same to be deposited in the county treasury and to be entered upon the auditor's books, making the proper debits and credits under the provisions of article 1657, of Revised Statutes 1925; and his failure to comply with the provisions of said article, resulting in Hidalgo county being deprived of said warrant, and its proceeds, is such breach of official duties on the part of the said Liles as makes him and his surety liable for the resulting loss. The duties of the auditor are clearly defined by the statute, article 1651, R. S. 1925. There is no denial that this warrant did come into the hands of the auditor.

The testimony of witness Hearne was as follows: "That he was Assistant Cashier of the Edinburg State Bank & Trust Company, holding this position with such bank on October 2, 1929, and that his work consisted generally of acting as teller at Window No. 3 in said bank and signing cashier's checks and exchanges and looking after the work on the bookkeeping side of the bank; that there were three tellers in the bank and that he was Teller No. 3, using a teller's stamp, with the words 'Teller No. 3,' which was stamped

on checks and vouchers handled by him for identification purposes; that the number of the Edinburg State Bank & Trust Company, as fixed by the State Banking Department, was the number 1040; that from an examination of a photographic copy of Warrant No. 48 and the endorsements on it, he observes the stamp of the City National Bank and the. Central Trust Company and underneath this endorsement appears to be a round stamp, which appears to be the teller's stamp endorsement on the warrant, showing Teller No. 3 and the number 88–1040; that from an examination of the photographic copy of Warrant No. 48, assuming it to be a correct photograph of the original, he had no recollection of having handled the particular item, through his teller's Window No. 3 at the bank."

The indorsement of the words, "Hidálgo County, O. T. Liles, Auditor," were madé by and in the handwriting of O. T. Liles and the teller's stamp of said bank, at window No. 3, was indorsed on the warrant. From the view we take of this case, it is not necessary to pass upon the bills of exception. After Brooks county issued the warrant, it placed it in the United States mail addressed to the county clerk of Hidalgo county.

The evidence shows that Brooks county was indebted to Hidalgo county in the sum of $5,-560, and in settlement of same, by an order duly entered in the minutes of the commissioners' court, caused its warrant, dated September 28, 1929, No. 48, payable to Hidalgo county, or bearer, to be forwarded by mail to the county clerk of Hidalgo county; that said warrant was presented at the Edinburg State Bank & Trust Company, the then county depository of Hidalgo county, indorsed in the handwriting of O. T. Liles, with the words "Hidalgo County—O. T. Liles, Auditor," and cashed on the 2d day of October, 1929'; that the warrant was thereupon returned through banking channels and paid by the treasurer of Brooks county on October 4, 1929; that the proceeds of said warrant were not deposited in any county fund, and that said transaction was not entered in any record of Hidalgo county.

If Liles was not charged with the duty of handling and disposing of the warrant, then some other officer was, and it was incumbent upon Liles to see that the officer observed the requirements of article 1657. If Liles, himself, was charged with this duty a strict observance of the finance laws of the county would require him to make deposit of the warrant as required by article 1657. He was a financial officer of the county, and could not close his eyes to the disposition of this large sum of money. He was charged with knowledge that it was money belonging to the county, which must be honestly cared for to its ut-

termost disposal. Articles 1657, 1663, 1664, and 1665.

The case was thoroughly developed in the trial court, showing the liability of both principal and surety, and we see no use in remanding the case. It is therefore the opinion of this court that the judgment of the court should be that the case is reversed, with costs, and here rendered in favor of appellant, and that appellees take nothing.

Reversed and rendered.