J. T. KING V. JOHN F. ROBERTS ET AL.

No. 6347. Decided July 3, 1935.
Rehearing overruled October 2, 1935.
(84 S. W., 2d Series, 718.)

624

*Lloyd & Lloyd,* of Alice, for plaintiff in error.

Objections to court's charge not presented to the trial court before the charge is read to the jury, are waived. Electric Express & Bag. Co. v. Ablon, 110 Texas, 235, 218 S. W., 1030; Denman v. Pyle, 210 S. W., 335; Isbell v. Lennox, 116 Texas, 522, 295 S. W., 920.

An error called to the attention of the Court of Civil Appeals for the first time in the motion for rehearing is not waived thereby and may form the basis of a writ of error to and for a ruling by the Supreme Court, especially if it be fundamental. Roberson v. Hughes (Com. App.), 231 S. W., 734; McDonald v. Simons (Com. App.), 280 S. W., 571; Houston Oil Co. v. Kimball, 103 Texas, 94, 124 S. W., 85; Lindly v. Lindly, 102 Texas, 135, 113 S. W., 750.

The giving of a general charge in connection with special issues is not fundamental error and unless timely and properly presented by exceptions and assigned as error, the appellate court is without jurisdiction to consider such error. Morrison v. Sewell, 4 S. W. (2d) 1029; Bryan v. Sinclair Oil & Gas Co., 1 S. W. (2d) 917.

*Templeton, Brooks, Napier & Brown, Schlesinger & Schlesinger,* and *Lionel Goodstein,* all of San Antonio, for defendants in error.

Deputy constable in performing the duties enjoined upon him by law as a peace officer could not thereby incur any personal liability to the accused, nor impose any liable upon his principal, the constable and his sureties. Cabell v. Arnold, 86 Texas, 102, 23 S. W., 645; Smith v. Rogers, 34 S. W. (2d) 312.

A general charge made in connection with special issues should not be given over objection of defendants. Solo Serve Co. v. Howell, 35 S. W. (2d) 474; Besteiro v. Besteiro, 18 S. W. (2d) 829; Fort Worth etc. Ry. Co. v. Gilmore, 13 S. W. (2d) 416.

The amount paid by plaintiff as fine and costs should not be included in amount of judgment. Ormsby v. Ratcliffe, 117 Texas, 242, 1 S. W. (2d) 1084; Simmonds v. St. Louis etc. Ry. Co. (Com. App.), 29 S. W. (2d) 989; Mayor v. Breeding, 24 S. W. (2d) 542.

*Bruce W. Teagarden,* of San Antonio, filed argument as amicus curiae.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

John F. Roberts was constable of Precinct No. 7, Bexar County on August 29, 1930. On that date the justice of the peace of that precinct issued a warrant of arrest addressed to the sheriff or any constable of Bexar County, commanding the officer receiving same to arrest J. T. King and safely keep him so as to have him before the justice court of said precinct to be held forthwith to answer the charges specified in the warrant. The offense charged were misdemeanors. The warrant was placed in the hands of J. T. Wright, one of Roberts' deputies, for execution. King resided at Alice, Jim Wells County, about 150 miles distant from San Antonio. Wright upon arriving at Alice got in touch with the sheriff's office. A deputy sheriff then located King, brought him to Wright, who arrested him and took him into his custody. King alleges that he thereupon requested Wright to give him an opportunity to make bond for his appearance in court and to permit him to seek the advice of an attorney; and that both requests were refused. He alleges he was then taken over his protest to the town of Corpus Christi about 45 miles distant from his home town of Alice; that while en route to Corpus Christi he broached the subject to Wright of being permitted to pay a sum of money to secure his release; that Wright assessed his fine and costs at $41.35, and told him he could secure his release upon payment of this amount and upon signing a statement pleading guilty to the charges; that he gave Wright his check for the amount under protest, and signed a statement prepared by Wright. King alleged also in this connection that there was in his home town of Alice a justice of the peace, and that it was Wright's duty upon his request after being arrested, to take him before the nearest magistrate; and that if Wright had done so, he could have furnished bail.

The suit is against constable Roberts, deputy constable Wright, and the sureties on Roberts' official bond, Union Indemnity Company, W. F. Herndon, R. Dinkla and F. N. Neuendorff.

The jury found in answer to special issues that King requested Wright to allow him to make bond, or consult an attorney; and that Wright over King's protest, took him to Corpus Christi. The jury found actual damages in the sum of $550.00, but did not assess exemplary damages. Judgment was rendered by the court against all of the defendants for $591.-35, being the amount of damages found, together with the amount paid by King to secure his release. Upon appeal a majority of the Court of Civil Appeals reversed and remanded

the case, and a dissenting opinion was filed. 49 S. W. (2d) 991.

The reversal of the judgment is predicated upon alleged errors in the charge of the trial court. It was pointed out by plaintiff in error King in a motion for rehearing filed in the Court of Civil Appeals that the record discloses the objections to the charge were not presented to or passed upon by the trial court. The Court of Civil Appeals overruled the motion for rehearing, stating in the opinion on rehearing that if such objections were valid, appellee waived them by treating them in his brief as properly before the court. Writ of error was granted upon the first assignment in the application to the effect that the objections to the court's charge not being presented to or ruled upon by the trial court could not properly be made the basis for reversible error.

1 The Court of Civil Appeals was in error in reversing and remanding the case upon the alleged errors in the charge. It is well settled that objections to the charge shall in every instance be presented to the court before the charge is read to the jury, and that all objections not so presented shall be considered as waived. Electric Express & Baggage Co. v. Ablon, 110 Texas, 235, 218 S. W., 1030, 3 Tex. Jur., 205, par. 138; St. Louis S. W. Ry. Co. v. Wadsack (writ refused), 166 S. W., 42.

It is also settled that the appellant does not waive his right to insist upon the Court's passing upon the matter by failing to call it to the Court's attention in his brief. In the case last cited the only assignments of error presented to the Court of Civil Appeals were based upon the appellant's objections to the charge. The record showed that the objections had not been passed upon by the trial court, and upon motion for rehearing the Court of Civil Appeals said:

"Counsel for appellee has intimated a willingness for us to waive any legal objection to the lack of formality in presenting the basis of the first assignment of error—that relating to the main charge of the court. We do not now regard this as a matter resting in our discretion. Nowhere are we advised that this objection to the charge was presented as required by the statute, and it is distinctly enacted that all such objections not so presented shall be considered as waived. *That means they shall not be considered on appeal as grounds for reversing a judgment.* This statute was enacted as a reform measure, designed to prevent unnecessary reversals." (Italics ours).

Writ of error was denied in the case quoted from. See also

Parson v. Hubbard, 226 S. W., 441; Western Indemnity Co. v. Toennis (writ refused), 250 S. W., 1098. The Court of Civil Appeals erred in reversing the case upon the alleged errors in the charge.

2 The majority opinion of the Court of Civil Appeals contains no discussion of any assignments other than those relating to the charge of the court. These will not be reviewed, as the errors, if any, in the charge, were waived upon trial of the case. Under the rule announced in Holland v. Nimitz, 111 Texas, 419, 232 S. W., 298, 239 S. W., 185, the record will be examined however to determine whether other assignments presented by appellant King in his brief in the Court of Civil Appeals present reversible error.

3 It is urged by appellant's first proposition that it was the duty of Wright to permit him to give an appearance bond and consult an attorney, and that failure to do so constituted false imprisonment. While the Court of Civil Appeals did not discuss this elemental proposition it states in the course of the opinion that it was the duty of the officer to permit the accused to give an appearance bond, and that a failure to do so constituted unlawful imprisonment. This statement of the law is correct. Article 235 C. C. P., 1925, reads: "One arrested for a misdemeanor shall be taken before a magistrate of the county where the arrest takes place who shall take bail and transmit immediately the bond so taken to the court having jurisdiction of the offense." Article 454 C. C. P., 1925, reads: "Any officer making an arrest under a capias in a misdemeanor may in term time or vacation take bail of the defendant." In Buzan v. State, 59 Texas Crim. Rep., 213, 128 S. W., 388, a motion to retax cost was filed. The sheriff of Hood County arrested the accused in Atascosa County. Upon the trial of the accused's case there was taxed as costs against him the sum of $92.50 for traveling expenses of the sheriff for conveying the prisoner from Atascosa to Hood County. The accused contended he was given no opportunity to make bond, and that the action of the sheriffs of both counties in refusing him bail was arbitrary. The court, in passing upon the motion, after quoting Article 235, supra, says: "Under the provisions of this article the defendant should have been given the opportunity to give bail and under the proof in this case this was denied him * * *. We therefore sustain the motion to retax the cost." The refusal of the deputy constable to permit King to give an appearance bond and in taking him to Corpus Christi, constituted

false imprisonment for which he and his sureties could be held liable in damages. Holliman v. Carroll, 27 Texas, 23, 84 Am. Dec., 606; King v. Brown, 100 Texas, 109, 94 S. W., 328, 93 S. W., 1017; Luck v. Zapp, 1 Texas Civ. App., 528, 21 S. W., 418; Lammon v. Feusier et al., 111 U. S., 18, 28 L. Ed., 337; Hall v. Tierney et al., 89 Minn., 407, 95 N. W., 219. See Alphonse Mendoza et al. v. Singer Sewing Machine Co., 62 S. W. (2d) 656, 125 Texas, 639, 84 S. W. (2d) 715; also Southern Sur. Co. et al. (Liles) v. Hidalgo County, 50 S. W. (2d) 924, 125 Texas, 390, 83 S. W. (2d) 313.

4 Another proposition urged is that the court erred in rendering judgment for the additional amount of $41.35 for the reason this part of the judgment is not supported by any pleading or evidence, and is not provided for in the verdict of the jury. This item was sued for by King. It was not necessary to submit any matter pertaining to it to the jury. The material facts concerning it are undisputed. King alleged that Wright assessed plaintiff's fine and cost at $41.35, and the record is conclusive that the amount was paid by King to Wright for the purpose of securing his release. Clearly Wright wrongfully caused King to pay over to him this money. As deputy constable he had no authority to assess a fine and discharge the accused on payment thereof rather than permit him to make bond. Wright himself testified that he told King he would give him the lowest fine and take the matter up with the judge; that King gave him a slip authorizing him to plead guilty; that he gave him the lowest fine for the offense charged, as he wanted to let him out as light as he could; that he added to the fine of $16.25, $2.00 for serving the warrant and fifteen cents a mile one way from San Antonio to Alice making a total of $41.35. When asked if he made a return on the warrant he replied he marked it paid and handed it back to the judge when he reached San Antonio; that the judge on being told what he had done said it was O. K. A check for the amount agreed upon was given at Corpus Christi by King to Wright. An exhibit is in evidence, reading: "Received of J. T. King $41.35 for fine and costs of court." The check is endorsed by the justice of the peace, and marked paid. No part of the amount paid was returned to King. As a matter of course he is entitled to recover the money thus unlawfully taken from him under the guise of paying a fine and costs upon a plea of guilty. There was no error on the part of the trial court in including this amount in the judgment.

5, 6    The trial court erred in permitting King to testify in his own behalf to the legal conclusion that he was damaged in the sum of $750 on account of being refused opportunity to make bail.    This was error.    The Court of Civil Appeals correctly states that King should state the elements of the damages he has sustained, if any, and not swear to a conclusion that he had been damaged in a lump sum.    It is not necessary however to determine whether the instruction of the court to the jury just before reading the charge not to consider the testimony, rendered the error harmless, as the reversal of the case must be permitted to stand upon another ground.    The trial court permitted King's attorney to testify that he called by telephone the justice of the peace who issued the warrant, and permitted the attorney to testify to the substance of the telephone conversation.    The conversation was to the effect that the justice of the peace refused to set the case down for hearing and refused to agree not to cash the check given by King in payment of his fine under his plea of guilty.    It was not pertinent to any issue, was purely hearsay, and generally prejudicial in character.    Its admission constituted error warranting a reversal of the case.

The judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.    The court upon another trial will be governed by this opinion.

Opinion adopted by the Supreme Court July 3, 1935.

Rehearing overruled October 2, 1935.