## SOUTHERN UNION LIFE & CASUALTY CO. v. McKINNEY.

### No. 11085.

Court of Civil Appeals of Texas. Galveston.

Jan. 9, 1941.

Rehearing Denied Jan. 30, 1941.

Gammage, Gammage & Bauer, of Houston, for appellant.

J. W. Mercer, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was originally brought by appellee, Joe McKinney, in the justice court of Harris County, to recover benefits under the terms of an accident insurance policy issued by appellant, Southern Union Life and Casualty Company. On appeal to County Court at Law No. 2 of Harris County, judgment was rendered in favor of appellee in conformity with the verdict of a jury on special issues.

The case was submitted to the jury on a charge consisting of twenty-three special issues, the first seven of which were submitted by appellee and the remaining sixteen by appellant. Before reading the charge to the jury, the court submitted copies thereof to counsel for both parties with the instruction that "they go back to their offices and prepare objections and exceptions thereto" with the understanding that such objections might be filed at a later date, no time limit being specified, and that they would be considered by the court as overruled as of that date. Judgment was rendered on February 2, 1940, the day before the expiration of the term of court at which the case was tried. On March 12, 1940, thirty-nine days after the entry of said judgment, appellant filed its objections and exceptions to the court's charge.

Counsel for appellant states in its brief that before the charge was read to the jury, he had orally pointed out to the court that said charge, as written, was duplicitous, repetitious and confusing; that it was a comment on the weight of the evidence and that he had specifically objected and excepted to certain of said special issues on the ground that they were duplicitous.

Counsel for appellee asserts in his brief that counsel for appellant did not except to the court's charge or file any objections thereto before said charge was read to the jury.

In his order overruling appellant's objections and exceptions to the court's charge filed on March 12, 1940, the court stated that before said issues were submitted to the jury, in order to expedite proceedings, he had told counsel for both plaintiff and defendant to go back to their offices and prepare objections and exceptions to the charge and that they could be filed at a later date and considered as overruled as of the date of the trial. That on March 12, 1940, after the court's term had ended on February 3, 1940, and more than 30 days thereafter, the appellant had presented its objections and exceptions to the court's charge.

The controlling question presented in this appeal is whether, under the record presented, the objections and exceptions to said charge filed by appellant on March 12, 1940, were orally presented to the court at the trial and before said charge was read to the jury.

Article 2185, Vernon's Annotated Texas Civil Statutes, expressly provides that all objections to the court's charge must be timely made and presented to the court before the charge is read to the jury and that all objections not so made and presented shall be considered as having been waived.

While our courts have uniformly held that, under said Article 2185, all objections and exceptions to the court's charge are deemed to have been waived if they have not been presented to the trial court before the charge was read to the jury, our Supreme Court has expressly held that under said article such objections may be made either orally or in writing and that, when made orally, exceptions to the court's action in overruling them may be preserved by a bill of exception, duly approved by the trial court. Rodgers v. Fleming et al., Tex.Com.App., 3 S.W.2d 77; 3 Tex.Jur., page 582, Section 408.

It follows that, under said article, the trial court is not permitted to grant to counsel the privilege of preparing and filing objections and exceptions at a later date that have not been presented to the court on the trial of the case and prior to the reading of the charge to the jury. If for this reason objections are not presented to the trial court prior to the reading of the charge to the jury, they are deemed to have been waived.

In the instant case counsel for appellee insists that no objections to the charge were presented by counsel for appellant prior to the reading of the charge to the jury. The court, in his order overruling said objections, stated that he had instructed counsel to go back to their offices and prepare objections to said charge and file them later. Outside of certain formal recitations in the court's statement which appear to have been embodied therein in conformity with the court's understanding with counsel that said objections might be filed later and considered as overruled as of the date of the trial, there is no affirmative showing in the record by the court, or otherwise, from which we may infer that said objections and exceptions were orally presented to the court prior to the submission of the charge to the jury. Under the record, this court must therefore assume, in favor of the judgment rendered, that said objections were either not urged orally prior to the submission of said charge, as claimed by appellant, or that the

oral objections, if any were presented, did not so clearly present the objectionable features of said charge as to call the court's attention thereto and thereby enable him to make the necessary corrections in the charge. Southern Underwriters et al. v. Boswell, Tex.Civ.App., 141 S.W.2d 442.

 Since the judgment of the trial court could have been rendered on either of above theories, it is the duty of this court to sustain said judgment. Gribble v. Call, Tex.Civ.App., 123 S.W.2d 711; Liebman v. Buell Lumber & Mfg. Co., Tex.Civ. App., 67 S.W.2d 1043; First National Bank v. Burson, Tex.Civ.App., 63 S.W.2d 309; City of Amarillo v. Loden, Tex.Civ.App., 22 S.W.2d 969.

The judgment of the trial court will therefore be in all things affirmed.

Affirmed.