FEDERAL UNDERWRITERS EXCHANGE V. JACK TUBBE.

No. A-244. Decided November 8, 1944.
Rehearing overruled December 6, 1944.
(183 S. W., 2d Series, 444.)

*McElroy & McElroy,* of Center, *Lightfoot, Robertson & Gano,* of Fort Worth, *Dan Moody* and *J. B. Robertson,* of Austin, for petitioner.

The district court erred in permitting plaintiff, over the objection of defendant, to testify as to what it would cost him to go back and forth from home to his work by bus or taxicab, if his employer had not furnished him with transportation, and it was error for the Court of Civil Appeals, not to reverse the judgment for that reason. Whitman v. Casualty Underwriters, 116 S. W. (2d) 908; American Surety Co. v. Underwood, 74 S. W. (2d) 551; Casualty Underwriters v. Whitman, 139 S. W. (2d) 261.

*Vernis Fulmer,* of Nacogdoches, for respondent.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a workman's compensation case. Jack Tubbe was the employee, San Augustine Manufacturing Company the employer, and Federal Underwriters Exchange the employer's insurance carrier. We refer to the opinion of the Court of Civil Appeals, 180 S. W. (2d) 473, for a full statement of the facts and issues involved.

It appears that the employer was engaged in the lumbering business in the woods at various places in Shelby County. Tubbe and other employees of the employer worked at such places, and during the time of Tubbe's employment the employer transported him and its other employees in its trucks to and from the places where they worked. Tubbe was injured in the woods in the course of his employment, and his compensation rate was determined under Subdivison 3 of Section 1 of Article 8309 of our Civil Statutes.

The trial court ruled that what it would have cost Tubbe to furnish his transportation to himself could probably be considered by the jury in determining a wage rate for Tubbe fair alike to him and the insurer. This ruling was approved by the Court of Civil Appeals.

Subdivision 4 of Section 1 of Article 8309 of our Civil Statutes reads as follows:

"4. Said wages shall include the market value of board, lodging, laundry, fuel, and other advantage which can be estimated in money, which the employee receives from the employer as part of his remnuneration. Any sums, however, which the employer has paid to the employee to cover any special expenses entailed on him by the act of his employment shall not be included."

In our opinion, the evident intent and meaning of the above statute is to expressly prohibit the inclusion of the cost or value of the transportation furnished Tubbe to and from the places where he worked in this instance. The first provision of this statute defines what, other than money, shall be included as wages. This included "board, lodging, laundry, fuel, and other advantage which can be estimated in money, * * *." The second provision is to a certain extent a limitation on the first. It defines what can not be included as wages. It is provided in the second provision that any sums which the employer pays to the employee to cover *"special expenses"* shall not be included or counted as wages. This record shows that the employer transported this employee, along with its other employees, to the various places in the woods where they worked. If the employer in this instance had required Tubbe to furnish or purchase his own transportation to and from these places, and then reimbursed him for the cost thereof, the sums paid in reimbursement could not be included or counted as wages. In such instances the sums paid in reimbursement would be "special expenses" within the meaning of the second provision of this statute. We are unable to reason how a different result could be reached in this case merely because the employer itself incurred the "special expenses" by furnishing the transportation in the first instance. To our minds it would be giving the above statute an unreasonable construction to say that it would allow the cost or value of transportation to be counted as wages if furnished directly by the employer in the first instance, but would not allow the cost or value of transportation to be counted as wages if the employee furnished or purchased it in the first instance, and then received reimbursement therefor from the employer. In either instance, in so far as the matter of wages is concerned, the employer would ultimately furnish the transportation.

Tubbe argues that if we hold that the jury was not authorized to consider the value or cost of the transportation furnished to him by his employer in arriving at the amount of his weekly wage, still we should not reverse and remand this case for a new trial, but should merely reduce the judgment

to the amount that would be produced by assuming that $25.00 per week would represent an average weekly wage for him, which would be fair alike to both him and this insurer. We are unable to indulge in this assumption. This record does not contain evidence which shows Tubbe's average weekly wage, as a matter of law, as defined by Subdivision 3 of Section 1 of Article 8309.

The judgments of the Court of Civil Appeals and district court are both reversed, and this cause is remanded to the district court for a new trial.

Opinion delivered November 8, 1944.

Rehearing overruled December 6, 1944.