### STATE v. DAVIS et al.
### No. 4630.

Court of Civil Appeals of Texas. Beaumont.
Feb. 16, 1950.

Motion for Rehearing Overruled
March 22, 1950.

James H. Moore and Sumner Williams, Jr., Lufkin, for appellant.

R. C. Musselwhite, Lufkin, for appellees.

COE, Chief Justice.

This is a condemnation suit in which the State of Texas, by and through the Commissioners Court of Angelina County, Texas, sought to condemn for highway purposes a strip of land owned by appellees. This case was submitted to a jury and upon the jury's verdict, judgment was rendered in favor of appellant condemning the land in question and judgment was further rendered that appellees recover of and from the State of Texas the sum of $1,939.28 as their damages. From this judgment the State of Texas perfected an appeal to this court.

Appellant presents 6 Points of Error. All of these points are predicated upon the supposed action of the trial court in overruling certain exceptions to the court's charge, and in refusing to give to the jury one special issue. Appellees object to this court considering any of the points contained in appellant's brief, contending that the appellant did not present to the trial court in writing and did not dictate to the court reporter, in the presence of and with the consent of the court and opposing counsel, its objections and exceptions to the court's charge before the charge was read to the jury, and having failed to do so appellant waived its objections and exceptions to the court's charge, urged as grounds of error in its first, second, third, fourth and fifth points; and, further, that appellant did not present to the trial court and to counsel for appellees in writing its requested special issue No. 1 before the charge by the court was read to the jury, and having failed to do so appellant waived such special issue.

The record reveals that this case went to trial on February 9, 1949; that the jury returned its verdict, answering the special issue submitted, on February 10, 1949. Judgment was rendered and entered in this cause on the verdict of the jury on February 15, 1949. Thereafter, and on the 17th

day of March, the trial court entered the following order:

"In the County Court of Angelina County
State of Texas

The State of Texas, Petitioner ⎫
v. ⎬ No. 101
G. R. Davis et al., Defendants ⎭

Be it Remembered that on this 17th day of March, A.D. came on to be heard the objection of the Clerk of this Court to the filing of Petitioner's Requested Special Issue No. 1 as of February 10, 1949, and it appearing to the Court that after the Court had prepared its Charge in the above styled and numbered cause, and before same was read to the jury, counsel for both of said parties was presented with a copy of said charge for the purpose of making objections and exceptions thereto, and for the purpose of requesting the submission of any additional special issue; whereupon the court announced to each said counsel that the court was of the opinion that said charge correctly and properly submitted the case and all issues and because of the time involved in each said party making objections and exceptions to the charge and submitting requested special issues, no change in such charge would be made and no additional special issues or modification of special issues would be given or made, but that counsel for each of the parties could at any time thereafter reduce to writing any and all exceptions and objections to the charge and requested special issues which either or both of the parties desired to make and be submitted and that all same would be filed and considered filed prior to the reading of such charge to the jury, all of which was agreed to by counsel for each and all parties:

It is, therefore, ordered by the Court that the clerk of this court file as of February 10, 1949, and prior to the reading of the charge to the jury, the Objections and Exceptions of Petitioner to the Charge of the court and Petitioner's Requested Special Issue No. 1.

H. R. Rolston, County Judge."

This order was filed by the Clerk of the Court at 9:45 o'clock A.M., March 29, 1949. Thereafter on the 1st day of April, 1949, appellant's amended motion for a new trial was overruled. The exceptions and objections to the court's charge and appellant's Requested Special Issue No. 1 as they appear in the record show that they were presented to the trial court (but not to opposing counsel), and that such exceptions and objections were overruled and the Requested Issue refused by him before the charge by the court was read to the jury, and shows to have been filed by the Clerk of the Court on February 10th, 1949. However, the order of the court, as above set out, shows that in truth and in fact all of these matters transpired after the case was submitted to the jury. Among other things, Rule 272, Texas Rules of Civil Procedure, provides that "The charge shall be in writing, signed by the judge, and filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court in writing before the charge is read to jury, and all objections not so made and presented shall be considered as waived * * * . The requirement that the objection to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, and are subsequently transcribed and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript. Failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon appeal upon proper exception." Rule 273 is as follows: "Either party may present to the judge and request such written instructions, special is-

sues, definitions or explanatory instructions, as he desires to be given to the jury; and the judge may give same or a part thereof, or he may refuse to give them, as he may see proper. Such requests shall be prepared and presented to the court and submitted to the opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

Appellees' attorney contends that the order of the trial court stating, in effect, that the course pursued by him in this matter was agreed to by counsel for each of the parties does not reflect what actually transpired at the time and contends that he had at no time agreed that the appellant would be permitted to file any objections and Requested Issues after the reading of the charge to the jury; but on the contrary understood that appellant would have no objections or exceptions to the charge and would have no Requested Issues. Be this as it may, we are of the opinion that the trial court was without authority to grant counsel the privilege of preparing and filing objections and exceptions to the charge at a later date than that of reading the charge to the jury. For a trial court to do so is contrary and in direct conflict with the Rules of Civil Procedure above referred to. This point was before the Court of Civil Appeals of Galveston in Southern Union Life & Casualty Co. v. McKinney, 146 S. W.2d 1103. This case arose under the statute as it then existed, being Art. 2185, Vernon's Ann.Civ.Statutes, from which Rule 272 was taken, and the court there held that the trial court has no authority to grant counsel the privilege of preparing and filing objections and exceptions to the court's charge at a later date than that of reading the charge to the jury. In King v. Roberts by the Commission of Appeals, adopted by the Supreme Court, 125 Tex. 623, 84 S.W.2d 718, 719, in an opin-ion reversing the judgment of the Court of Civil Appeals, the court had this to say with reference to the effect of the objections to the court's charge made after the charge was read to the jury: "The Court of Civil Appeals was in error in reversing and remanding the case upon the alleged errors in the charge. It is well settled that objections to the charge shall in every instance be presented to the court before the charge is read to the jury, and that all objections not so presented shall be considered as waived." In the course of its opinion, the Court of Civil Appeals of Texarkana, in the case of St. Louis, Southwestern R. Co. of Texas v. Wadsack, 166 S.W. 42, 46, in passing upon a similar question as is here presented, in concluding its opinion on motion for rehearing, made this statement: "Counsel for appellee has intimated a willingness for us to waive any legal objection to the lack of formality in presenting the basis of the first assignment of error— that relating to the main charge of the court. We do not now regard this as a matter resting in our discretion. Nowhere are we advised that this objection to the charge was presented as required by the statute, and it is distinctly enacted that all such objections not so presented shall be considered as waived. That means that they shall not be considered on appeal as grounds for reversing a judgment. This statute was enacted as a reformed measure, designed to prevent unnecessary reversals. We feel it our duty to observe the spirit of the law and confine our deliberations to those errors which are presented in accordance with its requirements." Writ of error was refused by the Supreme Court and we take it to be the law as applied to the present rules.

None of appellant's Points of Error being properly before this court for consideration, the judgment of the trial court is affirmed.