**STANDARD LIFE AND ACCIDENT IN-SURANCE COMPANY, Appellant,**

**v.**

**Harvey H. KIRK, Appellee.**

**No. 17184.**

Court of Civil Appeals of Texas, Fort Worth.

March 26, 1971.

Rehearing Denied April 23, 1971.

Teis & Zachry, and Lawrence Teis, Fort Worth, for appellant.

George Busch and Charles Leeper, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a suit under Section III of an "Instant Protector Accident Policy", issued by the appellant, Standard Life and Accident Insurance Company, defendant, to the appellee, Harvey H. Kirk, plaintiff, which provides:

"If Such Injuries shall be sustained by the Insured, and \* \* \* shall within 30 days from the date of the accident, causing Such Injuries, continuously, necessarily and wholly disable the Insured, necessitate his continuing care by a licensed doctor (an M.D., D.O. or Chiropodist, other than the Insured), and ' prevent him from performing each and every duty pertaining to his usual business or occupation and he is not engaged in any other activity for wage

or profit, the Company will pay periodically during such disability, beginning with the first day of disability, for a period not exceeding six consecutive months, an indemnity at the rate of $100 per month."

The case was tried to a jury. It found in answer to special issues that the plaintiff (1) sustained an accidental injury on or about November 18, 1968; (2) total disability was a natural result of such injury beginning on the date thereof; (3) the duration of such disability was six months; (4) he sustained partial disability lasting for 3½ months; and (5) incurred reasonable and necessary attorney's fees of $600.-00.

Based upon such verdict the court rendered judgment for the plaintiff in the sum of Six Hundred Seventy-Two Dollars ($672.00), including penalty (12 percent), and attorney's fees of Six Hundred Dollars ($600.00) with interest thereon from date of judgment (May 5, 1970) together with all costs.

The appeal is from such judgment.

Appellant, with the agreement of opposing counsel and the trial judge, dictated its objections to the court's charge during the jury's deliberation on such charge.

The following paragraph appears at the bottom of appellant's written objections to the charge:

"THE COURT: Let the record show that the agreement was that the objections to the charge would be dictated during the jury deliberation, which was done, and after the jury started deliberating that Mr. Teis had twenty minutes from that time to prepare the objections, otherwise the objections would have to be made before the jury started deliberating, so the agreement was lived up to in the eyes of the Court. Your motion and objections and exceptions are overruled.

" /s/ Bob Scofield

---

"JUDGE PRESIDING"

■ Rule 272, T.R.C.P., provides that objections to the charge " * * * shall in every instance be presented to the court in writing before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." Objections dictated to the court reporter in the presence of and with the consent of the court and opposing counsel before the charge is read to the jury meet the requirements of the rule.

■ The purpose of the rule is to give the trial court an opportunity to correct any errors or omissions which have been inadvertently or otherwise made in the charge before it is read to the jury.

■ We hold that the trial court was without authority to extend the time prescribed by Rule 272 for the presentation of the objections to its charge. To hold otherwise would defeat the salutary purposes of the rule.

■ Having failed to timely object to the charge of the court pursuant to Rule 272, the appellant waived such objections. State v. Davis, 228 S.W.2d 359 (Beaumont Civ.App.1950, no writ. hist.); Southern Union Life & Casualty Co. v. McKinney, 146 S.W.2d 1103 (Galveston Civ.App., 1941, no writ. hist.); King v. Roberts, 125 Tex. 623, 84 S.W.2d 718, 719 (1935); St. Louis Southwestern Ry. Co. of Texas v. Wadsack, 166 S.W. 42, 46 (Texarkana Civ.App.1914, writ ref.). It was held in King, supra, an opinion of the Commission of Appeals, adopted by the Texas Supreme Court, that: "It is well settled that objections to the charge shall in every instance be presented to the court before the charge is read to the jury, and that all objections not so presented shall be considered as waived."

The spirit of the Texas Rules of Civil Procedure is to charge attorneys with the responsibility of preserving the legal rights of their respective clients in the process of litigation by timely action. Punch v. Gerlach, 153 Tex. 39, 263 S.W.2d 770 (1954).

Rule 272, supra, provides for a reasonable time in which to examine and to make objections to the charge.

■ If the judge refuses to allow counsel reasonable time in which to make objections to its charge such refusal should be shown · by bill of exception. Federal Underwriters Exchange v. Tubbe, 180 S.W.2d 473 (Amarillo Civ.App.1944, reversed on other grounds at 143 Tex. 216, 183 S.W.2d 444, 1944). It must be shown that the court abused its discretion. Burton v. Williams, 195 S.W.2d 245 (Tex.Civ.App., Tenth Dist.1946, ref. n. r. e.).

No question involving the court's refusal to allow counsel a reasonable time to make objections to the charge is properly before the court on this appeal.

■ We find and hold that appellant's amended motion for new trial does specifically and clearly identify the points of error asserted by it on this appeal and fully comply with the requirements of Rules 320, 321 and 322, T.R.C.P.

In its amended motion for new trial the appellant stated that the court erred in overruling its motion for an instructed verdict for reasons which were listed "a" through "j" rather than numerically. The same reasons were assigned under the statement that the court erred in entering judgment for the plaintiff. Each of the reasons "a" to "j" were distinctly set forth in clear and concise language. Each was worded in such manner as to clearly identify the point of objection. Each of the points of objection could be readily understood by the court.

Rule 274, T.R.C.P., providing that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived has no application in this case.

This brings us to a discussion of the points urged by the appellant in its motion for instructed verdict, its amended motion for new trial and brought forward on this appeal.

The first of these asserts error on the part of the court in overruling its motion for instructed verdict because appellee failed to prove that his alleged injury necessitated his continuing care by a licensed doctor.

Section III of the policy in question, which is set forth above, clearly provides that in order to recover under its terms the insured must prove that his injury necessarily required continuing care by a licensed doctor. We are unable to find any evidence in the record to the effect that appellee was under the *continuing care* of a *licensed* doctor or any evidence to the effect that any care received by the appellee was *necessary* or that it was *necessary that he receive care* for any injuries allegedly received by him as a result of the accident.

■ The Texas courts have interpreted such provisions to be a condition precedent to recovery under such a policy and placed the burden on the insured to prove same. Texas Reserve Life Insurance Co. v. Lothringer, 394 S.W.2d 660 (Waco Civ.App. 1965, no writ. hist.); Great American Health and Life Ins. Co. v. Lothringer, 422 S.W.2d 543 (Corpus Christi Civ.App.1967, ref. n. r. e.); and United American Insurance Company v. Selby, 161 Tex. 162, 338 S.W.2d 160 (1960).

■ The fact that the appellee testified that he was treated by one chiropractor and five (5) doctors does not in our opinion, standing alone, prove (1) that they were licensed doctors; (2) that it was necessary that appellee go to them because of the alleged injury; or (3) that continuing care of such doctors or any one of them was necessary.

The case of Reserve Life Insurance Company v. Jansen, 357 S.W.2d 770 (Waco Civ.App.1962, ref. n. r. e.), has no application to the facts of this case. In Jansen the court indulged the presumption that public officers of hospitals or similar institutions performed their duties in a proper and lawful manner and did not authorize unlicensed physicians to practice medicine in violation of Articles 739–741, Vernon's Ann.P.C.

The judgment of the trial court is reversed and the cause remanded.