**SVS CORPORATION, Appellant,**

v.

**W. R. BOYLES, Appellee.**

**No. 4558.**

Court of Civil Appeals of Texas.

Waco.

Jan. 19, 1967.

Fulbright, Crooker, Freeman, Bates & Jaworski, Blake Tartt, Houston, for appellant.

Monroe Northrop, Houston, for appellee.

## OPINION

TIREY, Justice.

The action is one for damages resulting from an auto-pedestrian accident. Plaintiff, Boyles, was crossing a street in downtown Houston and his right foot was run over by the left rear wheel of a delivery truck owned by SVS Corporation, and which was being driven by appellant's employee, Emmett Bolden in the discharge of his duties. The jury, in its verdict, found that appellant's driver was guilty of negligence in the following particulars: (1) In failing to keep a proper lookout; (2) In failing to yield the right-of-way; and that each act of negligence was a proximate cause of the mishap. The jury, in answer to special issues 6

and 7, found that plaintiff Boyles was negligent in failing to keep a proper lookout, and that such negligence was a proximate cause of the accident. And further found that Boyles did not fail to cross Travis Street within the designated crosswalk. It answered the damage issue in the sum of $2,000.00. The court overruled defendant's motion for judgment on the verdict and granted Boyles' motion to disregard the jury's answers to issues 6 and 7 and entered judgment non obstante veredicto for plaintiff in the sum of $2,000.00.

Appellant's points 1 and 2 are to the effect that the court erred in entering judgment non obstante veredicto disregarding the findings of the jury that Boyles was negligent in failing to keep a proper lookout which proximately caused his injuries and damages, because there is sufficient evidence of probative value to support such findings. We overrule each of appellant's contentions for reasons hereinafter briefly noted.

As we view the record, the evidence pertinent to this accident is without dispute. The evidence is to the effect that Boyles was injured when a truck ran over his right foot while he was crossing a street in Houston. The accident occurred about 8:30 A. M., on March 30, 1962, on Travis Street where it intersects with Clay Avenue. Travis Street is a one way street for north bound traffic and Clay Avenue is a one way street for east bound traffic. Boyles had parked his car in a parking garage on the corner of Travis and Clay and walked about 50 to 75 feet to the corner of Travis and Clay. The traffic light facing him changed from green to red, and he waited until the light changed back to green and then started east across Travis. He testified specifically: "I was right along in here (indicating) about two-thirds the way across the street looking straight ahead, and I don't know why I turned my head, whether I heard a noise or whether it was just an instinct. I have forgot. Suddenly I turned and this vehicle, it was right on top of me." At the time he turned his head to the right and looked back he was one-half or two-thirds of the way across the street. It is true that when the truck entered Clay Avenue it turned into the extreme left lane and was approaching the intersection in an easterly direction, but before it reached the intersection the driver pulled to the right and got into the middle lane and was in the middle lane when he later turned to the left and caused the accident. It is not shown how far the driver of the truck was from the intersection when he pulled into the middle lane. The driver testified specifically:

"Q. What lane of Clay were you in as you approached the intersection?

A. In the left lane.

Q. Your extreme left hand lane?

A. In the left lane, yes, sir.

Q. That would be the far lane to the north. Is that right?

A. I would be to the left as you come down because I was going to make a turn off of Clay onto Travis.

Q. Did you—you did go ahead and make your turn. Is that right?

A. Yes, sir. *I made my turn on in the middle lane of the street.*" (emphasis added).

He further said that the light was still green.

Boyles testified that after he turned his head to his right to look to his rear he saw that the truck was right behind him. He said: "The only thing I could think to do, I jumped back. I wanted to get out of the way to keep from getting killed. I fell on my back and I immediately tried to raise myself." For the benefit of the jury he indicated the position he was in when he fell back, and said he was trying to raise himself, and while he was trying

to get out of the way the left rear wheel of the truck ran over his right foot, but said no other part of the truck hit him; that at the time that his foot was run over he was walking across the street in the pedestrian lane and that he was the only pedestrian there at the time, and the jury found that he did not get out of the cross-walk.

▮▮▮ It is without dispute that the truck made an illegal left turn from a lane other than the extreme left hand lane in which it had approached the intersection. Appellant contends that it is without dispute that the driver of the truck made the turn from the extreme left lane. This contention is contrary to the admission of the driver of the truck, which we have previously quoted. Section 65(d) of Article 6701d, provides:

"(d) Where both streets or roadways are one way, both the approach for a left turn and a left turn shall be made as close as practicable to the left hand curb or edge of the roadway."

When the driver of the truck entered Clay Avenue he was in the left lane as he approached the intersection. The record is not quite clear as to just when he pulled to his right to get into the middle lane, but it is true that he did do so, and that when he made his left turn into Travis he turned to his left from the middle lane of Clay, which was in violation of the foregoing provision of the statute. Appellant's contention that the driver of the truck made the left hand turn from the extreme left lane on Clay is contrary to the undisputed record. Mr. Boyles further testified to the effect that after the truck ran over his foot he hollered at the driver, and he was looking straight ahead; that when he yelled at the driver, the driver turned and looked out the window right at him; that the driver was very much surprised. Boyles said: "I don't believe he could have seen me because I was on the back of his car near the rear."

Evidence of the fact that he was crouched down at the time his foot was run over was corroborated by testimony of appellant's driver. The witness Morris testified to the effect that he saw the accident; that the truck turned real close to Boyles and that Boyles jumped back and the truck ran over his foot with the left rear wheel. He testified specifically:

"Q. Did the truck approach Mr. Boyles from his right, in front or to the rear?

A. To the rear and came around."

As we understand appellant's brief, it contends that when Boyles turned his head to the right to look to his rear that he was guilty of negligence, and that this testimony is sufficient to support the jury in its findings to issues 6 and 7. We are certainly not in accord with this view. Since Boyles had reached a distance from one-half to two-thirds of the way across Travis Street, and since he was in the crosswalk, and since the traffic light was green, and traffic on Clay Avenue could move only in an easterly direction, unless it desired to turn to its left and enter Travis Street, and since as a pedestrian he had the right-of-way, and since the only traffic on Clay that could harm him would be the traffic to his rear and to his right, he had the right to be looking ahead and in the direction in which he was going, and the fact that he turned his head to look to his rear and to his right, in our view, is not negligence and is not sufficient to sustain the finding that his action in so doing was negligence and a proximate cause of the accident. It is undisputed that the driver turned his truck to the left from the middle lane of Clay Street instead of from the extreme left lane, and that in so doing he violated the law. Boyles had the right to believe that no one would turn from the middle lane on Clay to enter Travis Street. He was not required to anticipate negligent or unlawful conduct on the part of others. See Lynch v. Ricketts, 158 Tex. 487, 314

**934**

S.W.2d 273, points (1, 2), p. 275, 1958. When he turned his head to the right and looked to the rear and saw the truck some 2 or 3 feet from him, he jumped back to get out of its way, and it is without dispute that the driver of the truck did not see Boyles until after the accident. As previously stated, the jury convicted the driver of the truck of failing to keep a "proper lookout" and found that it was the proximate cause of the accident. Our view of the record is that there is no primary evidence that Boyles was guilty of negligence, nor do the undisputed facts and circumstances here tend to prove that he was guilty of any negligence whatsoever.

"To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing. At all events they must not be equally consistent with the nonexistence of the ultimate fact."

See Big Three Welding Equipment Co. v. Reeh et al., Tex.Civ.App., 301 S.W.2d 504, (n. w. h.) May, 1957.

Such being our view, the court did not err in disregarding the jury's answer to issues 6 and 7. We think the undisputed factual situation here is ruled by the pronouncements in the following cases: Dixon v. Burling, Tex.Civ.App., 277 S.W. 2d 957; Lane v. Dallas Transit Co., Tex. Civ.App., 331 S.W.2d 821; Lynch v. Ricketts, supra; MacDonald v. Skinner, Tex.Civ.App., 347 S.W.2d 950; Miller v. Jones, Tex.Civ.App., 270 S.W.2d 303; Parham v. Norwood, Tex.Civ.App., 329 S.W.2d 506; Sale v. Stanley; Tex.Civ. App., 348 S.W.2d 767; Seinsheimer et al. v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Talley Transfer Co. et al. v. Cones,

Tex.Civ.App., 216 S.W.2d 604; Thompson v. Railway Express Agency, Tex.Civ. App., 206 S.W.2d 134.

The judgment of the trial court is affirmed.