**MISSOURI PACIFIC RAILROAD
COMPANY, Appellant,**

v.

**David L. CROSS, Appellee.**

**No. 8118.**

Court of Civil Appeals of Texas,
Texarkana.

Oct. 3, 1972.

Rehearing Denied Oct. 24, 1972.

Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Robert E. Ballard, Brown, Kronzer, Abraham, Watkins & Steely, Houston, Cahill Hitt, Hitt & Pesek, Texarkana, for appellee.

RAY, Justice.

This is a case involving the Federal Employers' Liability Act. Appellee (plaintiff) David L. Cross filed suit in the District Court of Bowie County against appellant (defendant) Missouri Pacific Railroad Company seeking damages for his personal injuries which he sustained on the job. Appellee Cross tripped over a protruding nail while unloading mail from appellant's unlighted piggy-back trailer on the night of February 8, 1969, in Texarkana, Texas. Appellee fell from the trailer, across a conveyor belt, and onto appellant's dock, suffering extensive injuries. The case was tried before a jury and pursuant to its verdict the trial judge rendered judgment in favor of appellee Cross in the sum of thirty thousand ($30,000.00) dollars. Appellant timely appealed to this court and has brought forward eleven points of error.

Appellant's first eight points of error complain of the trial court's failure to correct the typographical error contained in Special Issue No. 11. Special Issue No. 10 inquired as to whether or not it was negligence for appellee Cross to have failed to obtain a drop-cord on the occasion in question (for lighting purposes). Special Issue No. 11 should have been the proximate cause issue, but it was submitted as follows:

> "Do you find from a preponderance of the evidence that the negligence, if any you have so found, of David L. Cross in failing to obtain a drop-cord at the time and on the occasion in question was negligence?"

Counsel for appellant candidly admits that he submitted this issue without properly proof reading it before the jury retired to deliberate. Objections to the charge were submitted to the court after the jury retired. There is some disagreement between counsel as to whether there was an "agreement" to waive the requirements of Rule 272, Texas Rules of Civil Procedure requiring objections and exceptions to the charge to be made before the charge is read to the jury. We do not consider it neces-

sary for the determination of this case to decide whether the requirements of Rule 272, Tex.R.Civ.P., are amendatory. However, it is obvious that had the objections and exceptions to the court's charge been made before it was read to the jury, it is likely that the typographical error would have been discovered before the jury retired to deliberate. One of the purposes of the rule is therefore obviated.

The jury found that appellant had failed to furnish appellee with a safe place to work and had failed to provide adequate lighting in the trailer in which appellee was working at the time of the injury, both of which were causes of his injuries. Appellant railroad company sought to reduce its damage by showing that appellee Cross was guilty of contributory negligence in failing to obtain a drop-cord with which to light the trailer. The burden was upon appellant to submit a correct series of issues in this regard. The evidence was far from conclusive that drop-cords were available on the evening in question, thus making it necessary for appellant to submit an issue to the jury for them to decide the fact question of whether or not such drop-cords had been made available by the employer (appellant) to the employee (appellee). Benton v. Wheless Drilling Company, 440 S.W.2d 373, 379, 386 (Tex.Civ.App. Houston First 1969, writ ref'd, n. r. e.). Since the burden was upon appellant to obtain the submission of a proper series of issues, the trial court did not err in disregarding Special Issues 10, 11, and 12 and in refusing to correct the typographical error complained of by appellant. The failure to correct the typographical error was immaterial, since the die had already been cast by appellant's failure to submit an "availability" issue concerning the electrical drop-cords. We find no merit in appellant's points of error 1 through 8, and the same are therefore overruled.

■ By point of error No. 9, appellant complains of the trial court's failure to admit into evidence copies of the alleged pleadings of appellee Cross filed in a law-suit pending in the U. S. District Court for the Western District of Arkansas. Appellant states that those pleadings asserted Cross's readiness and willingness to work, and therefore such pleadings were material on the question of Cross's injury and the extent thereof and the damages which Cross suffered.

We have concluded that the trial court correctly ruled that the pleading in the Federal Court action did not constitute an admission against interest, and that it did not impeach appellee's testimony concerning the nature and extent of his disability. Hartford Accident & Indemnity Company v. McCardell, 369 S.W.2d 331, 338, 339 (Tex. Sup.1963). The instrument offered as Missouri Pacific's Exhibit No. 12 involves a labor relations complaint filed in the Federal Court and is entirely unrelated to the physical incapacity of appellee Cross. Further, there was no true inconsistency between the Federal Court pleadings and the testimony of David Cross.

■ The evidence is undisputed that the attorney who filed the case in Federal Court had no authority to make any admissions applicable to the appellee. Appellee testified that he did not employ such attorney and that he did not give the attorney authority to represent him in Federal Court. Before an extra-judicial statement or "admission" of an attorney made allegedly on behalf of a client is admissible, there must be some prima facie or presumptive showing of authority to make such a statement. There was no such showing of authority in this case. Pacific Finance Corporation v. Rucker, 392 S.W.2d 554, 556–557 (Tex.Civ.App. Houston 1st, 1965 no writ). The trial court correctly excluded the pleadings filed in the U. S. District Court for the Western District of Arkansas. Appellant's ninth point of error is overruled.

■ Appellant groups points of error 10 and 11 and complains of the excessiveness of the jury verdict and that the amount awarded is in conflict with Special Issue

No. 12, finding the plaintiff 30% negligent. It is suggested by appellant that a remittitur of $9,000.00 might be proper, rather than to reverse for excessiveness.

From what we have already said, there can be no conflict between Special Issue No. 12 and Special Issues 5 through 11. Special Issue No. 12 was conditioned that if the jury found appellee Cross guilty of negligence and that such negligence was a proximate cause of his injuries, and that appellant railroad was negligent and that its negligence caused plaintiff's injuries, then the jury would answer Special Issue No. 12. Since the jury did not affirmatively answer that appellee Cross was guilty of negligence and that his negligence caused his injuries, there can be no conflict. The trial court properly disregarded the jury's answer to Special Issue No. 12 because there is no conflict and because Special Issues 10 and 11 improperly assume that a drop-cord was available; therefore, Special Issues 10 and 11 were not properly submitted to the jury. Appellant's point of error No. 11 is overruled.

We have examined the evidence and testimony concerning the disability of appellee Cross and conclude that the $30,000.-00 awarded to him by the jury was a very modest sum in view of the nature of his injuries and the fact that he has a life expectancy in excess of 36 years. Simple arithmetic shows that the jury awarded him less than ten cents an hour for his physical pain and mental anguish and loss of earning capacity.

■ It is well settled that, in determining whether or not a verdict is excessive, the evidence and support of the award must be viewed in the light most favorable to the award. The law is further well settled that before an appellate court will disturb a judgment rendered upon a jury verdict, on the grounds that such verdict is excessive, there must be circumstances tending to show that it was the result of passion, prejudice or other improper motives, or that the amount fixed was not the result of a deliberate and conscientious conviction in the minds of the jurors and court, or so excessive as to shock the sense of justice in the minds of the appellate court. Green v. Rudsenske, 320 S.W.2d 228, 235 (Tex.Civ.App. San Antonio 1959, no writ); Consolidated Transportation Company v. Eubanks, 340 S.W.2d 830 (Tex. Civ.App. Waco 1960, writ ref'd, n. r. e.); City of Austin v. Selter, 415 S.W.2d 489, 502 (Tex.Civ.App. Austin, 1967 writ ref'd, n. r. e.).

■ A review of the evidence sustains the findings of the jury. The plaintiff was only 33 years of age at the time of the accident and had made slightly more than $800.00 working for the railroad in the month prior to his injury. He had received a total of 247 physical therapy treatments as of May 19, 1971, and was still receiving the treatments three times a week when the case went to trial. He was also taking B–12 shots three times a week, and was still undergoing traction on his neck regularly. His condition was painful and he was unable to do labor that would require lifting, bending, stooping or climbing. He suffered from headaches, occipital neuralgia, and severe cervical strain. Dr. Retia Edmondson testified that appellee was disabled at the time of trial and that she would expect him to have problems in the future as a result of his injuries. She further testified that, "He still has the spasm and tenderness and limitation of range of motion of his neck and shoulder and . . . . left shoulder." Appellee testified that he was unable to work because of his headaches and pain in his neck, and that he was unable to do carpentry work because such work aggravated his shoulder pain. He suffers from sleepless nights, is restless and irritable. Further, appellee stated that he was not able to go back to work on any regular job because of his headaches and pain. He stated that his headaches caused him to get sick at his stomach, vomit, get real weak and have to go to bed. Appellant called no witnesses, medical or lay, on the question of damages.

We conclude from the testimony and evidence that appellant's point of error No. 10 is without merit and it is therefore overruled.

The judgment of the trial court is in all respects affirmed.