**MISSOURI PACIFIC RAILROAD COMPANY, Petitioner,**

v.

**David L. CROSS, Respondent.**

**No. B–3698.**

Supreme Court of Texas.

Sept. 19, 1973.

Atchley, Russell, Hutchison & Waldrop, Howard Waldrop, Texarkana, for petitioner.

Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer, Houston, Cahill Hitt, Texarkana, for respondent.

DANIEL, Justice.

This appeal involves a judgment in favor of the plaintiff, David L. Cross, against the Missouri Pacific Railroad Company, defendant, in a personal injury suit brought under the Federal Employers' Liability Act, 45 U.S.C.A. Sec. 51 et seq. Upon a jury finding of total damages to Cross in the sum of $30,000, and findings that the negligence of Missouri Pacific was the proximate cause "in whole or in part, of the injuries," the trial court rendered judgment for Cross in the entire amount, although there were jury findings that Cross was contributorily negligent and that his negligence amounted to thirty percent of the entire negligent which caused his injuries.

For reasons hereinafter explained, the Court of Civil Appeals held that the trial

court did not err in disregarding the jury's findings relating to the negligence of Cross (Special Issues 10, 11 and 12), and affirmed. 487 S.W.2d 206. We reverse and remand.

On the night of February 8, 1969, Cross, while in the course of his employment by Missouri Pacific, tripped over a protruding nail while unloading mail from an unlighted "piggy-back" trailer. Cross fell from the trailer, across a conveyor belt, and onto the railroad's dock, suffering extensive injuries. He alleged that Missouri Pacific failed to furnish a safe place in which to perform his work and that the trailer was not properly lighted.

The jury found in answer to Special Issue No. 1 that the defendant railroad failed to furnish David Cross a safe place to work, and in answer to Special Issue No. 2 that such failure was a cause, "in whole or in part," of the injuries sustained by Cross on the occasion in question. In answer to Special Issue No. 3, the jury found that the defendant railroad failed to provide adequate lighting in the trailer at the time and on the occasion in question, and in answer to Special Issue No. 4 found that such failure was a cause, "in whole or in part," of the injuries sustained by Cross.

■ The above quoted words of the causation issues were taken verbatim from Sec. 52 of the Federal Employers' Liability Act, Sec. 53 of which eliminates contributory negligence as a bar to recovery by an employee but permits contributory negligence to diminish damages under the doctrine of proportional or comparative negligence. The Federal Act prescribes the substantive rights of the parties in F.E.L.A. cases, but when filed in our State courts, they are generally to be tried in accordance with our own Rules of Civil Procedure. Thompson v. Robbins, 157 Tex. 463, 304 S.W.2d 111 (1957).

Special Issues 5 through 9 inquired whether Cross failed to keep a proper lookout and whether he failed to inspect the trailer, each being followed by conditional inquiries as to whether such acts were proximate causes of his injuries. In this series, only the issue on failure to inspect was answered against him; the negligence and proximate cause issues being answered in his favor or left unanswered. Then followed the three issues and answers which give rise to this appeal:

SPECIAL ISSUE NO. 10. Do you find from a preponderance of the evidence that the failure of David L. Cross to obtain a drop cord at the time and on the occasion in question was negligence?

Answer "Yes" or "No".

Answer: Yes

In the event you have answered the foregoing Special Issue "Yes" and in that event only you will answer the following Special Issue.

SPECIAL ISSUE NO. 11. Do you find from a preponderance of the evidence that the negligence, if any you have so found of David L. Cross in failing to obtain a drop cord at the time and on the occasion in question was *negligence*? (emphasis added)

Answer "Yes" or "No".

Answer: Yes

If by your answer to any of the already submitted Special Issues you have found (1) that Plaintiff, David L. Cross, was negligent in his acts or conduct and further that such neglignece was a proximate cause of his injuries, and (2) that Defendant, Missouri Pacific Railroad Company, was negligent in any of the respects charged by Plaintiff and that such negligence resulted in whole or in part in Plaintiff's injuries, then, and in that event only, will you answer the following Special Issue.

SPECIAL ISSUE NO. 12. What per cent, if any, do you find from a prepon-

derance of the evidence does the negligence, if any, of the Plaintiff bear to the entire negligence, if any, of both the Plaintiff and the Defendant?

Answer by giving the percentage.

Answer: 30%

As heretofore indicated, the final Special Issue (No. 13) inquired "what sum of money . . . would fairly and reasonably compensate David Cross for his injuries, if any, which . . . resulted from the occurrence in question?", and the jury answered $30,000.

It will be noted that Special Issue No. 11 is not worded as a proximate cause issue. It merely asks if "the negligence, if any" of Cross in failing to obtain a drop cord [light] "was negligence". About twenty minutes after the jury retired, and while counsel for plaintiff was dictating his objections to the charge, counsel for defendant discovered this typographical error in Issue No. 11 and filed a motion with the Court to have it corrected so that the last phrase would read, "was a proximate cause of the injuries for which he sues here?" The trial court refused, citing an agreement made by the court and the attorneys "that Objections and Exceptions to the charge could be made while the jury was deliberating provided there would be no new issues or definitions requested by either party," all of which was clearly in violation of Rule 272, Texas Rules of Civil Procedure.[1]

After the jury had deliberated for approximately an hour and thirty minutes,

the foreman sent the following written message to the trial court: "We would like to have issue #10 and #11 explained to us." Whereupon, again by agreement of court and counsel and contrary to Rules 272 and 286, the court and counsel proceeded from the courtroom to another floor on which the jury room was located, and met with the jury in the hallway. The foreman repeated the request orally and the trial court orally stated that Special Issue No. 10 inquired whether or not failure to obtain a drop cord was negligence and that Special Issue No. 11 inquired whether or not it was a proximate cause of the injuries for which plaintiff sued. Upon returning to his chambers with counsel for both parties, the court drafted a different written response to the jury, as follows: "In answer to your question, please resume your deliberations and answer the issues from a preponderance of the evidence." Whereupon, counsel for the defendant railroad moved for a mistrial because of the facts related above and because the additional written charge did not conform to the oral charge as given by the court. This and another Motion for Correction of the typographical error in Special Issue No. 11 were denied by the trial court. The jury returned its verdict on September 1, 1971; on September 13, 1971, Cross filed a motion for judgment in his favor "in response to the answers of the jury to the charge of the Court;" and on October 7, 1971, the trial court rendered judgment for Cross in the full amount of $30,000. Obviously, the trial court disregarded the jury's answers to Special Issues 10, 11 and 12, although such action was not requested

1. All citations of Rules refer to the Texas Rules of Civil Procedure. The agreement was stated by both parties in the identical words quoted above from the first paragraph of their respective Objections and Exceptions to the Court's Charge. The trial court's written denial of defendant's request for correction of the typographical error in Special Issue No. 11 read as follows:

"THE COURT: The Court and the Attorneys agreed that the charge was to be objected to while the jury was out. At that time it was agreed that there would be no new

definitions or issues submitted after the jury retired; that the Court wanted the right to review the requested issues and/or the requested instructions; and that all parties examined the court's charge and it was not brought to the Court's attention until the attorney for plaintiff was objecting to the fact that there was no proximate cause issue in connection with the issue.

"The Court feels unwilling to send any instructions to the jury at this late stage of the game, and the motion is respectfully refused."

in plaintiff's motion for judgment or referred to in the trial court's judgment.

Having found Cross contributorily negligent by its answer to Special Issue No. 10, it seems abundantly clear from its "thirty percent" answer to Special Issue No. 12 (which was conditioned on a finding of both plaintiff and defendant being guility of negligence which caused plaintiff's injuries) that the jury intended its answer to Special Issue No. 11 as a finding that the negligence of Cross was a proximate cause of his injuries. Otherwise there would have been no reason to have answered that his negligence was thirty percent of the total negligence found by them to have occurred.

The Court of Civil Appeals affirmed on the grounds that, in spite of any alleged errors which might have been made in the violation of Rule 272 and the trial court's handling of Special Issue No. 11, it properly disregarded Special Issues 10, 11 and 12, because Missouri Pacific had failed to discharge the burden of obtaining a proper series of issues concerning the alleged contributory negligence of Cross. The Court's reasoning is that "the evidence was far from conclusive that drop-cords were available on the evening in question, thus making it necessary for appellant [Missouri Pacific] to submit an issue to the jury for them to decide" on that question. The thrust of this reasoning is, as now argued by Cross, that Special Issue No. 10 was objectionable because it assumed an ultimate disputed fact issue. There may be some merit to this reasoning if the issue and the court's charge had been properly and timely objected to by Cross in the trial court, but this was not done.[2] In accordance with the aforementioned agreement between the trial court and counsel, neither of the parties made any objections to the charge until after it was read to the jury. In fact, the transcript reveals that Cross's

objections to the charge were not reduced to writing before January 14, 1972, and were not filed until March 27, 1972.

Rule 272 reads in part:

The charge shall be in writing, signed by the judge, and filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, *which objections shall in every instance be presented to the court in writing before the charge is read to the jury,* and all objections not so made and presented shall be considered as waived . . . . The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, *before the reading of the court's charge to the jury,* and are subsequently transcribed and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript. (Emphasis added).

The Texas Rules of Civil Procedure have the same force and effect as statutes. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, 433 (1959). They are to be given a liberal construction to the end of accomplishing their objective "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law . . . " (Rule 1), but they are not to be ignored by agreements of courts and counsel to operate contrary thereto and in violation thereof. Especially is this true when such agreements lead to unfair and

2. Upon retrial under the amendment to Rule 277, effective September 1, 1973, the trial court will have broader discretion in dealing with such issues, either in the manner of submission or by appropriate instructions. 36 Texas Bar Journal 495 (June, 1973).

harmful results to either or both litigants as in this case. Here, the agreement contrary to Rule 272 led to a series of other Rule violations and errors of the trial court. Had Rule 272 been followed, even to the extent of dictating the objections to the charge "to the court reporter in the presence of and with the consent of the court and opposing counsel, *before the reading of the court's charge to the jury . . .*" (emphasis added), the typographical error in Issue No. 11 would have been discovered before the charge was given to the jury. This is evident from the fact that the error was discovered during the dictation of plaintiff's objections to this issue, but such dictation was *after* the reading of the court's charge to the jury; *after* counsel had completed their arguments; and about twenty minutes *after* the jury had retired for its deliberations. One of the main purposes of Rule 272 is to enable the trial court to submit a proper charge to the jury and to have the prior benefit of counsel's objections so as to correct any errors that might otherwise occur. This beneficial purpose of the Rule was defeated by the agreement between the court and counsel in this case. Having been parties to the agreement, neither plaintiff nor defendant is in a position to complain, and neither has complained, of its direct effect on procedural rights to which either was justly entitled. However, we consider the question necessarily before us in connection with points and counterpoints presented on this appeal, and we hold that it was clearly error for the trial court to approve the agreement in violation of Rule 272. See State v. Davis, 228 S.W.2d 359 (Tex. Civ.App.1950, no writ) and cases therein cited. Since all objections of both parties

to the court's charge were dictated after the charge was read to the jury, we consider them as waived. Rule 272.

The subsequently discovered error in the wording of Special Issue No. 11 could have been corrected by written instructions of the trial court under Rule 286 after the jury retired.[3] It was an obvious error pointed out and objected to by plaintiff after the jury retired, and a correction was thereafter immediately requested by the defendant, but denied by the trial court. As heretofore indicated, the error became obvious even to the jury, which submitted a written request to the court stating, "We would like to have issue #10 and #11 explained to us." The court erred in its attempted oral explanation in the hallway and abused its discretion in failing to correct the issue by a written instruction to the jury in accordance with Rule 286.

It is obvious that these procedural errors were prejudicial. They resulted in either an intended proximate cause finding by the jury in accordance with the trial court's oral explanation of the meaning of Special Issue No. 11, or a conflict between its answers to Special Issues 10 and 11 and its answer to Special Issue No. 12, the latter being predicated upon a finding of negligence and proximate cause against the plaintiff. Further, the trial court's disregard of Special Issue No. 12 left plaintiff with two findings of negligent acts by defendant which were causes "in whole or in part," of plaintiff's injuries, but without the jury having been permitted to speak with certainty the truth of its findings on which it based diminishment of damages "in proportion to the amount of negligence

---

3. The Rule reads: *"Rule 286. Jury May Receive Further Instructions.* After having retired, the jury may receive further instructions of the court touching any matter of law, either at their request or upon the court's own motion. For this purpose they shall appear before the judge in open court in a body, and if the instruction is being given at their

request, they shall through their foreman state to the court, in writing, the particular question of law upon which they desire further instruction. The court shall give such instruction in writing, but no instruction shall be given except in conformity with the rules relating to the charge. Additional argument may be allowed in the discretion of the court."

**874**

attributable to such employee," as provided by Sec. 53, 45 U.S.C.A.

Accordingly, the judgments of the courts below are reversed and the cause is remanded to the trial court for a new trial.