Joseph B. **MURPHY**, Appellant,

v.

Otis **HAMMONS**, Appellee.

No. 8184.

Court of Civil Appeals of Texas,
Texarkana.

Nov. 6, 1973.

Rehearing Denied Nov. 20, 1973.

Victor Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Donald Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

RAY, Justice.

This is a suit for personal injuries in which a pedestrian was struck by an automobile. Appellee (plaintiff) Otis Hammons filed suit against appellant (defendant) Joseph Murphy to recover damages for personal injuries sustained when he, as a pedestrian, was struck by an automobile being driven by appellant Murphy. Upon a finding by the jury of primary negligence and proximate cause on the part of the appellant and upon the granting of appellee Hammons' motion to disregard the jury's findings on the issues of contributory negligence, the trial court entered a judgment for Hammons in the sum of $1,085.00, which was damages assessed by the jury. It is from this judgment of the trial court that the appellant has brought this appeal. Appellant submits four points of error, contending that the trial court erred in disregarding the jury's findings on the issues of contributory negligence and in failing to enter a take-nothing judgment for appellant Hammons.

In order for the trial court to have disregarded the jury findings on contributory negligence, the court must have determined that no evidence of probative value was adduced upon which the jury could have made its findings.

On the night of the collision, appellee Hammons attended a football game at Grim Stadium in Texarkana, Texas. After the game ended, Hammons, Mr. and Mrs. Major and a large crowd of spectators departed the stadium. Hammons and Mr. and Mrs. Major walked from the stadium north along Bowie Street. They were accompanied by the remnants of the football crowd. When they reached the intersection of Bowie and Fourteenth Street, Mr. Major continued walking northerly, and crossed Fourteenth Street. Hammons and Mrs. Major decided, however, to cross Bowie Street just south of its intersection with Fourteenth Street. As they began to cross the street, traffic traveling north on Bowie Street had been stopped by a red traffic signal at the intersection of Bowie Street and Thirteenth Street. Mr. Hammons was walking to Mrs. Major's left as they undertook to cross Bowie Street, headed in a westerly direction. They had reached a point just beyond the approximate midline of Bowie Street (still along the south side of Fourteenth Street) when

Mrs. Major called out to Hammons, warning him of the approach from their right of the Murphy car (headed south on Bowie Street). Mr. Hammons testified that as he started across Bowie Street, he was looking to his right at the traffic which was proceeding across Bowie Street on Fourteenth Street and that he did not see appellant's car until it was approximately three to four feet away from him because of the traffic crossing Fourteenth Street between him and the appellant's automobile. After having called out her warning to Mr. Hammons, Mrs. Major managed to jump back safely out of the line of travel of the Murphy car. Mrs. Major testified that she looked north on Bowie Street prior to starting across and saw no traffic coming and that she did not see the appellant's car until she and Hammons had gotten to approximately the middle of Bowie Street.

Appellant Murphy stated that he was traveling south on Bowie Street just prior to the occurrence and that when he was approximately one-half to one car length from appellee he observed appellee and Mrs. Major moving across Bowie Street at a rapid pace.

Mrs. Murphy, wife of the appellant, was in the car with her husband at the time Hammons was struck. She stated that traffic in the area of the intersection was extremely heavy just prior to and at the time of the accident.

The only testimony as to whether or not appellee Hammons looked in the direction of the oncoming vehicle was his own testimony that he did look to his right but did not see appellant's car until it was approximately three to four feet away from him, because of the traffic crossing Fourteenth Street between him and the appellant's automobile. Mrs. Major testified that she looked north on Bowie Street prior to starting across and saw no traffic coming.

From our review of the record in this case, we have not been able to find any evidence which would have supported the jury finding appellee guilty of contributory negligence for failure to keep a proper lookout. The only evidence is to the contrary, that is, that he did in fact look before crossing the street and did not see appellant's vehicle.

We conclude that the trial court was correct in disregarding the jury findings of contributory negligence. SVS Corporation v. Boyles, 410 S.W.2d 930 (Tex.Civ.App. Waco 1967, no writ), and Parham v. Norwood, 329 S.W.2d 506 (Tex.Civ.App. Waco 1959, writ ref'd, n.r.e.). Appellant's points of error are overruled.

The judgment of the trial court is affirmed.