Joseph B. MURPHY, Petitioner,

v.

Otis HAMMONS, Respondent.

No. B–4411.

Supreme Court of Texas.

May 15, 1974.

Rehearing Denied June 12, 1974.

Atchely, Russell, Waldrop & Hlavinka, Victor F. Hlavinka, Texarkana, for petitioner.

Harkness, Friedman & Kusin, Donald B. Friedman, Texarkana, for respondent.

McGEE, Justice.

This is a suit by a pedestrian (Hammons) for injuries sustained when struck by an automobile driven by Murphy. The jury made findings of primary negligence and contributory negligence and that each was a proximate cause. Upon the trial court's granting of Plaintiff's Motion to Disregard Findings of Contributory Negligence, the trial court entered judgment for the Plaintiff in the amount of $1,085. The court of civil appeals has affirmed this judgment. 501 S.W.2d 442. We reverse and render judgment that Plaintiff take nothing.

The sole question before this Court is whether there is any evidence to support the jury's finding that the Plaintiff Hammons failed to keep proper lookout and that such negligence was a proximate cause of the accident in question.

On September 19, 1970 in Texarkana, Texas, at approximately 10:30 p. m. Hammons and Mr. and Mrs. Major were walking north along the east side of Bowie Street after attending a football game. When the three came to the intersection of Bowie and 14th Streets, Mr. Major continued walking northerly and crossed 14th Street. Hammons and Mrs. Major decided to cross Bowie Street just south of its intersection with 14th Street. The Murphy car was travelling south on an uncontrolled

street. The intersection of Bowie Street and 14th Street was controlled by stop signs for traffic on 14th Street. The entire intersection was well lighted by street lights. The streets were straight. Traffic was heavy. It was a clear night. The Murphy car was not being driven at an excessive rate of speed. Its lights were on. At the time Hammons and Mrs. Major began to cross Bowie Street, traffic driving north on Bowie Street had been stopped by a red traffic signal at the intersection of Bowie and 13th Streets. Hammons was walking on the left side of Mrs. Major as they crossed Bowie Street in a westerly direction. They were walking briskly. When they reached a point just beyond the middle of Bowie Street, Defendant Murphy's car struck Hammons. Mrs. Major saw the Murphy car in time to jump back out of the way. Mrs. Major gave warning to Hammons of the car's approach. Mrs. Murphy, a passenger in the car with the driver, Mr. Murphy, stated that Plaintiff Hammons was looking "somewhere ahead."

■ The only question presented by this case is whether any evidence, direct and/or circumstantial, can be found in the record to support the jury's finding with respect to Hammons' failure to keep a proper lookout. In deciding whether there is any evidence we must honor the well established rule which requires that we view the evidence in the most favorable light in support of the verdict and must disregard all evidence which would lead to a contrary result. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914); Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359 (1957); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361.

■ There was nothing to obstruct the Plaintiff's view to his right as he started to cross the middle of Bowie Street. The streets were straight and well lighted. Defendant Murphy's car was lighted and approaching on an uncontrolled street. Mrs. Murphy saw Hammons looking "some-where ahead." Mrs. Major saw the Murphy automobile in time to step back and to warn Hammons. From this testimony and the facts surrounding this accident, we find that there was some evidence to support the jury's finding of contributory negligence and proximate cause. The courts below erred in holding that there was no evidence to support these jury findings.

Judgments of the courts below are reversed and judgment is here rendered that Plaintiff take nothing.