Mrs. Dora STACKS, Appellant,

v.

Charles F. RUSHING, Appellee.

No. 18480.

Court of Civil Appeals of Texas, Dallas.

Dec. 31, 1974.

Rehearing Denied Jan. 23, 1975.

G. Brockett Irwin, Longview, E. Charles Bedsole, Pantaze, Bedsole & Bird, Dallas, for appellant.

Arlen D. Bynum, Bradshaw & Bynum, Dallas, for appellee.

GUITTARD, Justice.

In this personal injury suit by a tenant against her landlord, the tenant alleged that she fell and was injured because of the landlord's negligent failure to repair her floor, as promised. The landlord denied that such a promise was made. A jury trial resulted in a verdict and judgment for the landlord. The tenant appeals on the ground that the court erred in failing to submit her requested issue concerning the making of the promise and in failing to clarify a defective issue submitted by the court when the jury wrote a note requesting further instructions. We hold that the court did not err in refusing the

requested issue, since a similar issue was submitted, but that the court did err in failing to clarify the issue in response to the jury's note.

The principal fact issue was whether the landlord had made a promise to repair a hole in the floor. The problem before us is whether the first issue, which was intended to submit the question of the making of the promise, was ambiguous, in that it was subject to the interpretation that it inquired concerning the time when the promised repair work was to be done. The tenant requested the following issue:

> Do you find from a preponderance of the evidence that on or before February 12, 1972, Charles Rushing agreed or promised to repair the floor in the apartment in question?

Instead, the court submitted the following issue:

> Do you find from a preponderance of the evidence that Defendant, Charles F. Rushing, agreed or promised to repair the floor in question on or before February 9, 1972?

The jury answered this issue "We do not," and, accordingly, left unanswered issues as to whether failure to repair the floor was negligence and a proximate cause of the occurrence. No other ground of liability was submitted.

The tenant's first point is that the issue as submitted was defective because it was subject to the interpretation that it inquired as to the time when the repair work was to be done, rather than whether the promise was made. She points out that the phrase "on or before February 9, 1972," is placed at the end of the sentence, where it normally would be understood as modifying the verb "to repair," rather than in a position where it would be more likely to be understood as modifying the verbs "agreed" or "promised." Her requested issue, she argues, is not subject to this objection because the phrase "on or before February 12, 1972," is placed near the be-

ginning of the sentence, and therefore clearly refers to the time of the agreement or promise rather than the time of the promised repair work. (No point is urged here concerning the difference in the dates.)

We cannot reverse the case on this ground because the tenant made no objection to the issue before the charge was submitted. A requested issue in different language cannot be taken as calling the court's attention to a defect in an issue submitted. *See* Hartford Accident & Indem. Co. v. Contreras, 498 S.W.2d 419, 424 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). Here it is clear that the requested issue did not sufficiently call attention to the defect in the issue submitted, since the tenant admits that neither counsel nor the court discovered the defect before the jury retired.

In her second point the tenant argues that the court erred in failing to clarify the issue when the jury wrote the judge the following note:

> Jury disagrees as to meaning of Issue # 1
>
> Need clarification as to whether issue is "Did Rushing make promise before Feb. 9, 1972"
>
> or "Did he promise repairs would be made before Feb. 9, 1972"

The judge's only reply was that the court "cannot give you any further instructions concerning special issue # 1." Counsel for the tenant objected to this reply and requested the court to "submit an answer to the jury in response to said question advising the jury that the issue inquires as to the fact as to whether the defendant made such promise or promises to plaintiff on or before February 9, 1972."

We agree with the tenant that this instruction should have been given. The issue was ambiguous because it was subject to the interpretation that the court was inquiring whether the promised repair work

was to be done on or before February 9 rather than whether the promise was made on or before that date. The judge was authorized by Texas Rules of Civil Procedure 286, rule to give a clarifying instruction, and he erred in failing to do so, since the jury's note then demonstrated that the issue as submitted was not a clear and unambiguous submission of the tenant's ground of recovery, and the tenant made a proper request for further instructions.

■ The tenant's standing to raise this point, notwithstanding lack of a sufficient objection before the charge was read to the jury, is established by the decision of the Supreme Court in Missouri P. R.R. v. Cross, 501 S.W.2d 868, 873 (Tex.1973). In that case, as here, all objections to a defective issue were considered waived because none were made before the charge was read to the jury, but when the jury sent the judge a note requesting clarification, as here, the judge failed to correct the issue by a written instruction. That failure was held to be reversible error.

■ The *Cross* decision cannot be distinguished on the ground that the error in that case was merely typographical. The court's authority to give further instructions under Rule 286 is not limited to correction of typographical errors. Neither can *Cross* be distinguished on the ground that the parties in that case agreed to make their objections to the charge after the jury retired, because the court regarded such an agreement as ineffective and held that the trial judge abused his discretion by failing to correct the defective issue by written instruction, notwithstanding the absence of a timely objection to the issue.

Here the trial court's error in failing to respond to the jury's note by an instruction clarifying the issue appears to have been prejudicial to the tenant. According to her testimony, the landlord had promised to repair the floor, but had failed to do so, and when she renewed her request on February 9, and threatened not to pay the rent unless the repairs were made, he promised to "fix it next day." This was the only evidence concerning the time when the promised repair work was to be done. The landlord denied making any promise at all. If the jury accepted the tenant's testimony, and if they interpreted the first issue as inquiring when the work was to be done, they could only have answered in the negative because there was no evidence that the work was to be done "on or before February 9." This possibility that the jury may have found the facts in the tenant's favor, although they returned a verdict against her, shows that her case was not properly submitted.

■ The prejudice appears to be more than a bare possibility. The note itself shows that the issue was confusing to the jury. It also indicates that the jury may have accepted the tenant's testimony, because if they had believed the landlord's testimony that no promise was made, they could easily have answered the issue in the negative, regardless of how they interpreted it, and no clarification would have been necessary. Their request for clarification, and their negative answer after the judge declined to give further instructions, suggests that the answer probably resulted from a misinterpretation of the issue. Consequently, we hold that the court's failure to clarify it when requested to do so by the jury and by counsel for the tenant is reversible error.

■ We do not agree with the landlord that an instruction clarifying the issue would have been a comment on the weight of the evidence. It would not have suggested to the jury in any manner the court's view of the evidence, but would merely have enlightened the jury concerning the meaning of the issue. The fact that such an instruction might have influenced the jury's answer would not make it a comment on the weight of the evidence, since the purpose of any instruction is to

assist the jury in rendering a proper verdict.

Reversed and remanded.

## ON MOTION FOR REHEARING

The landlord's motion for rehearing includes several points, not raised as counterpoints in his original brief, in which he contends that he was entitled to judgment as a matter of law. The first is that no breach of duty is shown because the alleged promise was not a binding covenant to repair. He argues that even if he had made a promise to repair after the start of the lease, such a promise was not enforceable because it was not supported by consideration.

■ This point is overruled. The landlord has not established that he is entitled to judgment as a matter of law because there is some evidence of consideration for the promise to repair. No written lease was signed. Apparently the tenancy was originally from week to week, since the rent was paid weekly from the beginning of occupancy until February 9. On that day, the tenant testified, she told the landlord that she would not pay the rent until he fixed the floor, and he promised that if she paid, he would "fix it next day." She then paid the rent for a full month, and was given a receipt, which is in evidence, reciting that she had "paid one month rent from 9th of Feb. to the 9th of March." Although the tenant did not explain why she paid the rent for a month rather than for only a week, her testimony shows that she was induced to make the payment by the promise to repair. Since the evidence indicates that she was not obligated at that time to pay for more than a week, the inference may be drawn that her payment for more than a week was consideration for the promise. When the lease is for such a short term, if the landlord's promise to repair induces the tenant to pay more rent than is currently due, the promise is supported by consideration and becomes one of the terms of the tenancy.

■ The landlord also argues that the tenant is precluded from recovery as a matter of law because she knew and fully appreciated the danger of the defective condition of the floor from the time of the lease to the time of the injury. The jury found that she voluntarily encountered the danger of the hole in the floor, but that such action was not negligence, and further found that she did not "fully appreciate the danger." We cannot say that the defense of voluntary assumption of risk was established as a matter of law in view of the evidence that she was entitled to occupy the property for a full month, and in view of her testimony that the landlord had promised to repair the floor the "next day." *See* Marshall v. Ranne, 511 S.W.2d 255 (Tex.1974).

Motion overruled.