SLENDERBOLIC HEALTH INDUSTRIES, INC., et al., Appellants,

v.

Sol BORIDY, Appellee.

No. 8032.

Court of Civil Appeals of Texas, Beaumont.

Dec. 22, 1977.

Rehearing Denied Jan. 13, 1978.

Mark A. Salvato, Houston, for appellants.

George M. Bishop, Houston, for appellee.

KEITH, Justice.

Defendants below appeal from an adverse judgment non obstante veredicto wherein plaintiff sought overtime compensation, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act of 1938, *29 U.S.C.A. §§ 201–16* (1965), *§§ 217–19* (1975), as amended (Supp.1965-75), and (Supp.1977) [hereinafter referred to as "Act"].

Plaintiff filed this cause of action contending that he was an employee of defendants within the definition of *29 U.S.C.A. § 203(e)(1)* (Supp.1965-75)[1] and, therefore, was entitled to overtime compensation pursuant to *29 U.S.C.A. § 207* (1965), as amended (Supp.1977).

Defendants answered that plaintiff was employed in an administrative or professional capacity and, therefore, was not entitled to overtime compensation pursuant to *29 U.S.C.A. § 213(a)(1)* (Supp.1977).[2]

At trial the jury was given the following instruction:

> "Under the applicable law, the term, 'employee employed in a bona fide *administrative capacity*' means any employee whose primary duty consists of the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, which includes work requiring the exercise of discretion and independent judgment."

The jury found in answer to Special Issue No. 2 that the plaintiff was employed by defendants in a bona fide administrative capacity as defined by the court. However, the court entered a judgment non obstante veredicto for plaintiff after disregarding the jury's answer to the second issue. Defendants' three points of error all challenge this action of the trial court; thus, the sole question is whether there is *some* evidence

---

1. *Section 203(e)(1)* provides that "the term 'employee' means any individual employed by an employer."

2. *Section 213(a)(1)* provides that the overtime pay requirement does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity . . .."

to support the jury's finding that plaintiff was employed in an administrative capacity. We have no cross points.

Although plaintiff's cause of action was created by a federal statute, our procedural problem must be determined under the statutes and rules governing our state practice. *Munn v. Mohler*, 251 S.W.2d 801, 803 (Tex.Civ.App.-Waco 1952, no writ). The rule has also been applied in cases arising under the Federal Employers' Liability Acts, *45 U.S.C.A. §§ 51, 53* (1972). *Missouri Pacific Railroad Company v. Cross*, 501 S.W.2d 868, 870 (Tex.1973). See also *48 Am.Jur.2d Labor and Labor Relations § 1694, at 1048* (1970); Annotation, *168 A.L.R. 1177, 1178* (1947).

 A long and unbroken line of decisions by our state courts requires that we review the evidence, in the posture in which this case reaches us, in the most favorable light in support of the jury's findings and disregard all evidence to the contrary. See, e. g., *Lucas v. Hartford Accident & Indemnity Co.*, 552 S.W.2d 796, 797 (Tex.1977); *Murphy v. Hammons*, 509 S.W.2d 845, 846 (Tex.1974); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

Before dealing with the evidence found in our record, we must first establish some guidelines governing our review of this cause of action resting, as it does, upon an Act of Congress. First, we note that an employer who claims an exemption under the Act has the burden of showing that the exemption provision relied upon applies to his case. *Mitchell v. Kentucky Finance Co.*, 359 U.S. 290, 291, 79 S.Ct. 756, 3 L.Ed.2d 815, 817 (1959). Second, exemption will be limited to those who come plainly and unmistakably within the terms and spirit of the Act. *Phillips v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095, 1099 (1945).

When we follow the rules governing our factual review of the evidence, we find that plaintiff was hired because of his prior management background and qualifications in a position as a management trainee. He was sent to the Dallas establishment operated by defendants to hire and train employees and to operate the place of business. His primary duty consisted of (in the language of the charge) "non-manual work directly related to management policies . . . which include[d] work requiring the exercise of discretion and independent judgment."

There being some evidence in the record supporting the jury's finding, under the prevailing authorities we are required to sustain the defendants' no evidence point. *Harbin v. Seale*, 461 S.W.2d 591 (Tex.1970). We now render the judgment which should have been rendered by the trial court: that the plaintiff recover nothing from the defendants.

REVERSED and RENDERED.