**BANK OF EAST TEXAS, Appellant,**

v.

**Mardi Hagen JONES, Appellee.**

**No. 12–88–00129–CV.**

Court of Appeals of Texas,
Tyler.

June 21, 1988.

Gregg A. Cooke, Geary, Stahl & Spencer, Dallas, and Kerry L. Russell, Law Offices of Woodrow M. Roark, Tyler, for appellant.

Jay N. Green, Potter, Guinn, Minton, Roberts & Ireland, Tyler, for appellee.

PER CURIAM.

Appellant, Bank of East Texas (hereinafter "the Bank"), filed a motion to modify supersedeas bond, leave to file negotiable instrument in lieu of bond, and for injunc-

tive relief. By its motion, the Bank seeks for this court to order that it is exempt from posting a supersedeas bond in order to suspend execution of a judgment pursuant to 7 TEX.ADMIN.CODE § 3.27 or, in the alternative, to grant the Bank leave of court to file a negotiable certificate of deposit in lieu of bond, and to issue a temporary injunction to enjoin execution of a judgment.

On March 11, 1988, a judgment was signed awarding $408,635.00 to Mardi Hagen Jones against the Bank for damages based upon an action for fraud, duress, undue influence, and civil conspiracy. The award included the return to Mardi Hagen Jones of stock certificates in a securities account valued in the amount of $200,621.00 and a certificate of deposit in the amount of $55,828.90 which belonged to her but had been pledged to the Bank as security for a loan.

On March 14, 1988, the Bank filed its application for order fixing the amount of supersedeas bond and stated therein that it was "ready, willing and able to post a Supersedeas Bond, suspending execution of such Judgment." The Bank further requested to deposit with the court the stock certificates belonging to Mardi Hagen Jones during the pendency of the appeal. On March 18, 1988, the court signed an order fixing the amount of supersedeas bond at $408,635.00. The court also granted the Bank's request to tender the stock certificates, and upon doing so, to post a supersedeas bond in the amount of $208,014.00.

On April 5, 1988, the Bank tendered the stock certificates which belonged to Mardi Hagen Jones into the registry of the court and tendered a certificate of deposit in the amount of $209,014.00 in lieu of a supersedeas bond which included $1,000.00 for a cost bond in order to perfect appeal to this court. Mardi Hagen Jones filed a motion objecting to the validity of the Bank's certificate of deposit as a supersedeas bond because (1) the Bank did not obtain leave of court to file a certificate of deposit in lieu of bond as required by TEX.R.APP.P. 48; (2) the Bank's negotiable obligation was not insured in the amount fixed for the surety bond because the certificate of deposit was insured by the FDIC only up to $100,000.00, leaving $109,014.00 uninsured; (3) the certificate of deposit was from the Bank of Van Zandt, a principal stockholder of the Bank of East Texas, and a bank cannot guarantee the debt of another; and (4) the certificate of deposit was non-negotiable.

The Bank responded to the objections by urging for the first time that it was not required to post a supersedeas bond pursuant to 7 TEX.ADMIN. CODE § 3.27. After a hearing on the motions, the trial court signed an order on May 9, 1988, directing the Bank to file a supersedeas bond as previously ordered on March 18, 1988; that the certificate of deposit filed by the Bank in lieu of a bond did not comply with the court's order; and that 7 TEX.ADMIN. CODE § 3.27 does not exempt the Bank from filing a supersedeas bond. On May 13, 1988, the Bank filed the motion to modify supersedeas bond, leave to file negotiable instrument in lieu of bond, and for injunctive relief in this court. A response was filed on behalf of Mardi Hagen Jones, and the matter was set for a hearing on May 24, 1988.

This court has jurisdiction to entertain the motion to modify a supersedeas bond pursuant to TEX.R.APP.P. 49 which provides for appellate review of security in civil cases as follows:

> The sufficiency of a cost or supersedeas bond or deposit or the sureties thereon or of any other bond or deposit under Rule 47 shall be reviewable by the appellate court for insufficiency of the amount or of the sureties or of the securities deposited, whether arising from initial insufficiency or from any subsequent condition which may arise affecting the sufficiency of the bond or deposit. The court in which the appeal is pending shall, upon motion showing such insufficiency, require an additional bond or deposit to be filed with and approved by the clerk of the trial court, and a certified copy to be filed in the appellate court.

In addition, TEX.R.APP.P. 47(k) provides as follows:

> The trial court shall have continuing jurisdiction during the pendency of an appeal from a judgment, even after the expiration of its plenary power, to order the amount and the type of security and the sufficiency of sureties and, upon any changed circumstances, to modify the amount or the type of security required to continue the suspension of the execution of the judgment. If the security or sufficiency of sureties is ordered or altered by order of the trial court after the attachment of jurisdiction of the court of appeals, the judgment debtor shall notify the court of appeals of the security determination by the trial court. The trial court's exercise of discretion under this rule is subject to review under Rule 49.

The filing of the cost bond invokes the jurisdiction of this court. *Davies v. Massey,* 561 S.W.2d 799 (Tex.1978).

The primary question in this case is whether 7 TEX.ADMIN.CODE § 3.27 exempts the Bank from filing a supersedeas bond.

SEVEN TEX.ADMIN. CODE § 3.27 was promulgated by the Banking Section of the Finance Commission and became effective on January 12, 1988. It provides as follows:

> § 3.27 *Enforcement of a Final Judgment Against a State Bank.* No attachment, injunction, or execution against any state bank or its property shall be effective if issued before final judgment in any suit, action, or proceeding in any court. As used in this section, the term "final judgment" means a judgment on the merits which is no longer subject to examination on appeal, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review.

The authority of the Banking Section to promulgate rules and regulations is provided for in TEX.REV.CIV.STAT.ANN. art. 342–113 (Vernon Supp.1988) in part as follows:

> The Banking Section, through resolution adopted by not less than four affirmative votes, may promulgate general rules and regulations *not inconsistent with the Constitution and Statutes of this State,* and from time to time amend the same, which rules and regulations shall be applicable alike to all state banks and, where indicated, to all private banks to effect the following ends and purposes:
>
> ....
>
> 4. To permit state banks to transact their affairs in any manner or make any loan or investment which they could do under existing or any future law, rule or regulation were they organized and operating as a National bank under the laws of the United States; but *it is expressly provided that this authority is subject to the laws of this State and shall not be construed in any wise to confer authority to abridge such laws* or diminish or limit any rights or powers specifically given to state banks by such laws; and it is further provided that, any provision of this Code to the contrary notwithstanding, the transaction of affairs and making of loans or investments permitted by valid rules and regulations shall not constitute a violation of any penal provision of the statutes of this state. (Emphasis added.)
>
> ....

█ The Banking Section is *not* entitled to promulgate rules and regulations which are inconsistent with statutes. Section 3.27 is inconsistent with TEX.R.APP.P. 47 and 48 which provide for the suspension of execution of a judgment by filing a supersedeas bond or a deposit in lieu of bond. Rules 47 and 48 were promulgated by the Texas Supreme Court under authorization of TEX.CONST. art. V, § 31. The rules of procedure have the same force and effect as statutes. *Missouri Pacific Railroad v. Cross,* 501 S.W.2d 868, 872 (Tex.1973). The legislature provided for the rule-making power of the Supreme Court in TEX.GOV'T CODE ANN. § 22.004 (Vernon Supp.1988), which provides that the rules of practice and procedure in civil actions promulgated by the Supreme Court remain in effect

unless and until disapproved by the legislature. We hold that the Banking Section exceeded its authority in adopting 7 TEX. ADMIN. CODE § 3.27, and it is, therefore, unenforceable.

The Bank argues that section 3.27 is not in conflict with Rule 47 because Rule 47 provides "[u]nless otherwise provided by law or these rules, a judgment debtor may suspend the execution of the judgment by filing a good and sufficient bond. . . ." The Bank contends that section 3.27 is an example of "unless otherwise provided by law." The Texas Legislature has provided for exemptions to the requirement of a supersedeas bond for suspension of a judgment in TEX.CIV.PRAC. & REM.CODE § 6.001–.003 (Vernon 1986) for certain governmental entities. The legislature did not include state banks in the category of exempt entities. The rules adopted by the Supreme Court remain in effect unless and until disapproved by the legislature, not an administrative agency. TEX.GOV'T CODE ANN. § 22.004 (Vernon Supp.1988).

The Bank further argues that section 3.27 is valid because it was enacted pursuant to TEX.CONST. art. XVI, § 16(c), which provides in part as follows:

> "A State bank ... has the same rights and privileges that are or may be granted to national banks of the United States domiciled in this state."

Nationally chartered banks are protected from preferential transfers in contemplation of insolvency pursuant to 12 U.S.C. § 91 which provides in part as follows:

> " ... no attachment, injunction or execution shall be issued against such [national banking] association or its property before final judgment in any suit or action or proceedings, in any state, county or municipal court."

The Bank cites *United States v. Lemaire*, 826 F.2d 387 (5th Cir.1987) (petition for cert. filed), for the proposition that a nationally chartered bank is not required to file a supersedeas bond during the pendency of an appeal. In *Lemaire*, the court did not directly address the question of whether a national bank was exempt from filing a supersedeas bond, but rather the court simply construed the meaning of the term "final judgment" as found in 12 U.S.C. § 91. The Court held in *Lemaire*, 826 F.2d at 390, that "final judgment" means a judgment on the merits which is no longer subject to examination on appeal. The court affirmed a district court's issuance of an injunction precluding execution of a sixty-nine million dollar state court judgment against MBank Abilene, formerly Abilene National Bank, pending appeal to a state court of appeals. In addition, the comparison by the Bank of 7 TEX.ADMIN. CODE § 3.27 to 12 U.S.C. § 91 is inaccurate because 12 U.S.C. § 91 was enacted by the United States Congress and 7 TEX.ADMIN. CODE § 3.27 was enacted by an administrative agency.

In this case the Bank is entitled to prevent execution of the judgment by means of filing a supersedeas bond as provided by TEX.R.APP.P. 47 or by depositing a negotiable obligation in lieu of bond pursuant to TEX.R.APP.P. 48.

In light of our holding that 7 TEX.ADMIN. CODE § 3.27 is ineffective to exempt the Bank from filing a supersedeas bond, it is unnecessary to address Mardi Hagen Jones' contention that the Bank either waived any protection that it had under section 3.27 or it invited error because the Bank requested that it be allowed to file a supersedeas bond.

■ The Bank requests, in the alternative, that if section 3.27 is invalid, that this Court grant leave to file a negotiable certificate of deposit in lieu of bond. Pursuant to TEX.R.APP.P. 48, the Bank is permitted to deposit a negotiable obligation of any bank or savings and loan association chartered by the government of the United States of America or any State thereof, that is insured by the government of the United States of America or any agency thereof, in the amount of $209,014.00, conditioned in the same manner as would be a surety bond for the protection of Mardi Hagen Jones.

The Bank's motion to modify supersedeas bond is denied to the extent that it seeks to obtain an exemption pursuant to 7 TEX.

ADMIN. CODE § 3.27 from filing a supersedeas bond to suspend execution of the judgment in favor of Mardi Hagen Jones. The Bank's motion for leave to file a proper negotiable instrument in lieu of a supersedeas bond in the amount of $209,014.00 is hereby granted, provided the negotiable instrument is approved by the trial court. The request for injunctive relief is denied.